## LUCAS et al., Appellants, v. CURRENT RIVER LAND & CATTLE COMPANY.

Division One, February 15, 1905.

1. **EVIDENCE:** *Identifying Owner of Land.* A burial certificate of the health commission of St. Louis that Thomas Allen died at the city hospital in 1860, his residence not being given in the certificate and no evidence of his residence shown, is not evidence that said Thomas Allen and Thomas I. Allen, of St. Louis county, to whom a patent for land in Shannon county was issued in 1859, were one and the same person. The insertion or omission of an initial middle letter does not affect the iden-

tity of the person, but even had the names been exactly the same there is nothing in the certificate to connect the one name with the other.

2. ———: **Death Certificate.** The death of a person can not be proved by a document which is not attested or whose verity is not vouched for by any one. A certified copy of an undated, unsigned and unattested burial certificate, made from the records of the health department, with nothing to indicate the date of its record, is of no legal force or effect, and does not show the death of the person therein named.

3. **TAX SUIT: Record Owner: Unrecorded Deed.** A purchaser at a tax sale under a judgment for taxes where the record owner is made a party defendant acquires a good title as against the holder of an unrecorded deed from such apparent owner.

4. ———: ———: **Sleeping on Rights.** Where the owner of vacant land does not record his deed but holds it for twenty-one years without paying taxes, and for nineteen years after sale for taxes in a suit brought against the apparent or record owner (his grantor) asserts no title to the land and takes no steps to give notice of his claim to the purchaser at such sale, he will be held to have slept on his rights.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*J. W. Chilton* and *John C. Brown* for appellants.

(1) A judgment rendered against a party who was dead at the date of the institution of the suit against him, such suit being by order of publication, and for the purpose of enforcing a claim against such party's real estate, will not affect the interest and title of the owner of such land, whether the owner thereof be at the time heir, devisee or grantee. The courts, in holding that in a suit for the collection of back taxes it is sufficient to sue the record owner of the land, never intended to intimate that such proceedings would be sufficient to divest the real owner of the land of his title, if such record owner was dead at the insti-

tution of the suit. Allen v. McCabe, 93 Mo. 138; Moore v. Woodruff, 146 Mo. 597. (2) Inasmuch as Dameron acquired no title at the sale of the land for taxes, defendant acquired no title by the mean conveyance to him from Dameron. Loring v. Groomer, 142 Mo. 1. (3) The certificate issued by the clerk of the commissioner and board of health of the city of St. Louis, showing the death of Thomas Allen, and the date thereof, was competent evidence. Greenleaf on Evidence (Redf. Ed.), secs. 485 and 507; Wilcoxson v. Darr, 139 Mo. 671; Ohmeyer v. Supreme Forest Woodmen, 91 Mo. App. 189. (4) The court erred especially in rejecting the death certificate of Thomas Allen, on the ground that there was nothing to show the Thomas Allen mentioned therein was the same Thomas Allen who had entered and owned the land. Identity of name and of residence is prima facie evidence of identity of person. State v. McGuire, 87 Mo. 643; 1 Jones on Evidence, p. 206; Flournoy v. Warden, 17 Mo. 435; Gitt v. Watson, 18 Mo. 274; State v. Moore, 61 Mo. 276. (5) And the middle letter in a name is no part of the name. Its omission in any matter amounts to nothing. Talmadge v. Franklin, 5 Johns. 84; Orme v. Shepherd, 7 Mo. 606; State v. Martin, 10 Mo. 391; Beckner v. McLain, 107 Mo. 288. The insertion or omission of the middle letter of name does not affect the question of identity one way or the other. Phillips v. Evans, 64 Mo. 23. (6) Identity of name is prima facie proof of identity of person even though it should be shown that there are many persons of the same name. Such showing would only go to the strength of the presumption, and not to its competency. Flournoy v. Warden, 17 Mo. 435.

*L. B. Shuck* for respondent.

MARSHALL, J.—This is an action, under section 650, Revised Statutes 1899, to ascertain and determine

the interests of the respective parties hereto, in the east half of section 18, township 30, range 2 west, in Shannon county, Missouri. The circuit court entered a decree for the defendant, and adjudged that the plaintiffs had no interest therein and that they be forever barred from asserting any title to the land, and after proper steps the plaintiffs appealed.

The case made is this:

It was agreed that Thomas I. Allen, of St. Louis county, is the common source of title. To sustain the issues on their behalf the plaintiffs offered in evidence a receiver's duplicate receipt, showing an entry of the land by said Allen, on January 21, 1859, and a warranty deed thereto from said Allen to John C. Perdue, of Knox county, Illinois, dated January 25, 1859, which was not recorded. They also showed, by the testimony of Mrs. Caroline C. Perdue, that she is the widow of said John C. Perdue, and that he left as his only heirs, herself and their daughter Mrs. Lizzie G. Lucas. They further offered a quitclaim deed to an undivided half interest therein, from themselves to their coplaintiff herein, J. W. Chilton, dated September 28, 1900, which was not recorded. Thereupon the plaintiffs rested.

To sustain the issues on its part, the defendant offered in evidence a sheriff's deed to the land to Logan D. Dameron, dated May 5, 1881, which purported to convey the interest of Thomas I. Allen and the legal representatives of James M. Lawton, in the land, and which was recorded on May 6, 1881. This sheriff's deed recites that on the 6th of November, 1880, the circuit court of Shannon county, in a suit of State ex rel. Geo. F. Chilton, collector of revenue for said county, against Thomas I. Allen and the legal representatives of James M. Lawton, for taxes on said land for the years 1875, 1876, 1877 and 1878, rendered a judgment for fifty-four dollars and fifty-three cents taxes, and thirty dollars and sixty-five cents costs, and that, after

proper steps, the sheriff sold the land, on May 5, 1881, to said Dameron, for five dollars.

The plaintiffs objected to the introduction of said deed on the ground that at the date the tax suit was instituted the defendant Allen was dead, and in support of their objection, plaintiffs offered in evidence a certified copy of the death records of the health department of the city of St. Louis, which showed a burial certificate to the following effect:

"Name of deceased......Thomas Allen.
Age 42 years.
Male, White, Single,
        Widower   } Cross out words not
        Married   } required.
Occupation........
Place of birth—Ireland.
Place of death No. — City Hospital, St. Louis, Mo.
Date of death, Jany. 4, 1860.
Cause of death—Consumption.
"I certify that I attended the above named in his last illness, who died of the disease stated, on the date above named.
        Signed (No name on records) M. D.
Place of burial—Not on records.
Undertaker—Not on records."

The certificate of the health commissioner is dated January 23, 1901, and recites that the foregoing is a true copy from the death records in his office.

The plaintiffs also offered in evidence section 473 of the Revised Ordinances of St. Louis, which requires the health commissioner of said city, *inter alia,* to provide for the registration of all births and deaths within the city.

The trial court sustained the defendant's objection to the introduction of the burial certificate aforesaid, and admitted the sheriff's deed in evidence, and the plaintiffs saved an exception.

The plaintiffs then admitted that the defendant had acquired all the title that said Dameron had obtained by the said sheriff's tax deed.    This was all the evidence in the case.

The case was by consent tried by the court without the aid of a jury.    No instructions were asked or given. The trial court entered judgment for the defendant, as above stated.

I.

The only point presented for adjudication by this record or urged by counsel for plaintiffs, is the ruling of the trial court excluding the burial certificate offered by plaintiffs, in aid of their objection to the sheriff's tax deed.

The plaintiffs' contention is: first, that the middle initial is no part of a person's name; and, second, that identity of name and of residence is prima facie evidence of identity of person.    From these premises the plaintiffs draw the conclusion that the death certificate offered by them in evidence established, prima facie, the fact that the Thomas Allen, who died in the city hospital in St. Louis on January 4, 1860, was the same person as Thomas I. Allen, of St. Louis county, who entered the land in controversy on January 21, 1859, and therefore the judgment, in the tax suit, of the sixth of November, 1880, is void, because the defendant, Thomas I. Allen, therein, was dead at the date of the institution of the tax suit, and hence the defendant has no title to the land.

It is true that the middle initial of a person's name is not regarded in law as a necessary or material part of that person's name, and it is likewise true that, ordinarily, identity of name and residence is prima facie evidence of identity of person.    But these considerations are not determinative of this case.    For in this case there is no necessary connection between the Thomas I. Allen of St. Louis county who entered the

land, and the Thomas Allen, who died in the city hospital in St. Louis. The residence of the latter is not given in the death certificate and is not shown by any evidence in the case. He may have been a resident of the city of St: Louis, or of the county of St. Louis, or of any other place. Unless it was shown that he was a resident of the county of St. Louis, the presumption of identity, that he was the same Thomas I. Allen who entered the land, would not apply. True, in 1860, the city of St. Louis was located in and was a part of the county of St. Louis, but whilst this is true, it is also true that the city of St. Louis never was coextensive with the county of St. Louis. And it is also true, that if the Thomas Allen who entered this land, lived in the then county of St. Louis, and not in the part thereof embraced in the limits of the city of St. Louis, the health commissioner of the city of St. Louis would have no authority or duty cast upon him to keep a record of his death, unless he died inside of the city limits. The contention of the plaintiffs, therefore, requires the further presumption that the Thomas Allen, of St. Louis county, lived, in 1860, in the part thereof which was embraced in the city limits, or else that he left St. Louis county and went into the city hospital in the city of St. Louis and died there. This further presumption is not justified by the rule of law invoked by the plaintiffs.

But there is a further infirmity in the plaintiff's contention. The burial certificate is not signed or attested by any one. It appears by the certificate of the health commissioner to be a part of the records of his office. But the health commissioner does not certify to the truth of the facts stated therein. Nor does any other person whomsoever. The health commissioner's certificate is dated January 23, 1901, but the unsigned death certificate is not dated at all, nor is there anything to show who made it, or when it was made, or

when it was made a part of the records of the health department of the city of St. Louis.

The death of a person cannot be proved by a document which is not attested or whose verity is not vouched for by any one. The death certificate is of no legal force or effect, and was therefore properly excluded by the trial court.

With the death certificate out of the case, it left the matter in this shape: Thomas I. Allen, of St. Louis county, entered the land on January 21, 1859, and four days afterwards sold it to John C. Perdue, but the deed to him was never recorded. There is no evidence to show that either Allen or Perdue or the plaintiffs or the defendant were in possession of the land, nor is there any allegation in pleadings that any of them are or were ever in possession thereof. Perdue is shown to be dead, but it is not shown when he died. The plaintiffs are his legal representatives and their grantee of an undivided half. The defendant is the mesne grantee of Dameron, who purchased the land for five dollars, at the tax sale in 1881, under a judgment for taxes for the years 1875 to 1878 inclusive. It nowhere appears who is or has been in possession of the land since Allen entered it in 1859, nor does it appear who paid the taxes at any time except the five dollars that Dameron paid in 1881, at said tax sale.

This leaves the case in a most unsatisfactory shape. It would be grossly unjust to deprive the plaintiffs of their inheritance by the tax sale, if Allen was dead when the tax suit was instituted, and especially for the paltry sum of five dollars which Dameron paid for the three hundred and twenty acres. Yet no reason is shown why Perdue or his legal representatives waited from 1859, when he purchased the land, or from 1881, when the land was sold for taxes, until December 11, 1900, to bring this suit. Nor is any reason given why he or they never filed the deed from Allen to Perdue for record. So far as the record shows he and they

allowed the title to the land to be shown by the records to stand in the name of Allen from 1859 until 1881, and in the name of Dameron or his grantees from 1881 until 1900, and never asserted any title to the land or took any steps to give notice of their claim to purchasers of the land. They appear to have slept on their rights.

The law requires a suit for taxes to be brought against "the owner of the property." The records showed that Allen was the owner. The deeds under which plaintiffs claim were not recorded, and it is not pretended that the State's officers had any knowledge or notice of their existence when the tax suit was brought, or that Dameron had any such knowledge or notice when he bought the land at the tax sale. The doctrine in this State is that a purchaser at a tax sale under a judgment for taxes where the record owner is made the party defendant acquires a good title as against the holder of an unrecorded deed from such apparent owner. [Vance v. Corrigan, 78 Mo. 94; Allen v. Ray, 96 Mo. 542; Payne v. Lott, 90 Mo. 676; Crane v. Dameron, 98 Mo. 567.]

If Perdue or the plaintiffs had recorded the deed from Allen there would have been no trouble. But they held the deed for twenty-one years before the tax suit was begun and did not record it, and it was their fault, therefore, that the State's officers did not make them parties to the tax suit.

For these reasons the judgment of the circuit court must be affirmed. All concur.