CITY OF ST. LOUIS, TO THE USE OF ROTCHFORD, Plaintiff in Error, v. LUDOVIC DE NOUE et al., Defendants in Error.

1. *Revenue — Sewers — Special tax bills — Mistake in name of owner does not vitiate — Construction of statute.*—An omission or mistake in the tax bill regarding the name of the true owner of property against which a tax is levied, under section 16, art. VIII, of the revised charter of St. Louis (Sess. Acts 1867, pp. 75–6), does not vitiate the bill. The requirement of the statute

making it the duty of the engineer to insert in the bill the name of the owner of the special lots assessed, is directory merely. But the rights of the owner can not be affected by such error until he has had his day in court.

2. *Revenue — Special tax bills, judgment on, how limited.*—In suits brought on special tax bills, under the provisions of section 16, art. VIII, of the revised charter of St. Louis (Sess. Acts 1867, pp. 75-6), judgment should be limited to the property and its owners. If not, it is erroneous; and a personal judgment against the parties to a deed of trust on certain real estate for taxes assessed against it is unwarranted, although such parties may have been properly joined in the suit, as having an interest in the property covered by the tax lien.

### Error to St. Louis Circuit Court.

*Thomas Grace*, for plaintiff in error.

I. The intention of the law evidently is to make the cost of this class of work a direct charge upon the property itself. The engineer is directed to issue his tax bills against the ground, not against the owner of the ground; and when the assessment is made against the ground, the law then says that the owner shall pay it. (Holland v. Anderson, 40 Mo. 600.)

II. The provision in the charter that the engineer shall make out his tax bills against each lot, in the name of the owner thereof, is directory in its nature. It is a provision intended to be for the benefit of the contractor, not of the property owner. It is a guide to the contractor to the person who owns the ground and who should pay him. In the general revenue law, lands are required to be listed in the name of the owner, in order to apprise the owner, at the different stages of the collector's proceeding to collect the tax, that the lands have been assessed, and are advertised as delinquent and about to be sold for non-payment of taxes. The collector does not summon the delinquent tax-payers by personal service, or afford them a day in court to make a defense, but proceeds to divest the ownership by constructive notice. But under the city charter the proceedings are by ordinary process of law, and any defendant, whether named in the tax bill or not, may show to the court that he is not an owner nor interested in the land, and therefore not a necessary party defendant. (Blackw. on Tax Tit. 173; Wheeler v. Anthony, 10 Wend. 346; Noble v. City of Indianapolis, 16 Ind. 506; 20 Pick. 418.)

*Krum, Decker & Krum,* for defendants in error.

I. To create a charge against the property, and to give the plaintiff a cause of action, the statute must have been followed with strictness. (Cooms v. Warren, 34 Me. 89; Carmichael v. Aikin's Heirs, 13 La. 205; Yenda v. Wheeler, 9 Texas, 408.)

II. Ludovic De Noue is not the owner in the sense of the statute.

III. While a personal judgment might be rendered against Madame De Noue as owner (if the tax bill conforms to the statute), and a special judgment be rendered against the realty, yet a general judgment against all the defendants is manifestly wrong. (Ruggles *et al.* v. Collier, 43 Mo. 353.)

CURRIER, Judge, delivered the opinion of the court.

This suit is prosecuted to recover the amount of a special tax against the land described in the petition, to defray in part the cost of constructing a sewer in the sewer district where the land is situated. The petition alleges that the land assessed is owned in fee by defendant E. B. H. De Noue, wife of L. De Noue, another defendant, subject to the rights of her husband acquired in virtue of their intermarriage; that the other defendants were interested in the property, De Noue and wife having conveyed it to two of them in trust to secure an indebtedness to the remaining defendant. The answer admits the ownership of E. B. H. De Noue and her intermarriage with L. De Noue, but denies that the property is subject to any rights therein of the latter, and denies that the tax bill sued on was made out in the name of the owner of the lot.

At the trial, which was by the court, the plaintiff read in evidence various documents, among them the tax bill sued on, which was made out in the name of L. De Noue as the owner of the assessed lot. The court gave various declarations of law, and rendered a general judgment against all the defendants for the amount claimed, awarding execution against the lot assessed, finding that the tax was a lien thereon, and that it was owned by E. B. H. De Noue, and that her husband had an estate of freehold, not of inheritance, therein.

City of St. Louis, to the use of Rotchford, v. De Noue et al.

The defendants draw in question the validity of the tax bill sued on, because it was not, as is claimed, made out in the name of the true owner of the property; and this involves a construction of section 16, article VIII, of the revised charter of the city of St. Louis. (Sess. Acts 1867, p. 75.) It is there provided that the city engineer, on the completion of a sewer, shall compute the whole cost, and "assess it as a special tax against the lots of ground" within the district limits, "in proportion to the area of the whole district," and "make out a certified bill of such assessment against each lot of ground, * * * in the name of the owner thereof;" that the bill thus perfected "shall be delivered to the contractor executing the work, who shall proceed to collect the same by the ordinary process of law, in the name of the city, to his use;" and that every such bill shall be a "lien against the lot of ground described therein."

The total cost of the sewer is thus charged upon the land within the limits of the designated sewer district, and made a lien thereon in the form of a special tax, which is to be collected, in the absence of voluntary payment, by the ordinary process of law; and no other mode of enforcing collection is provided. The parties interested are to be brought into court and have their rights and duties adjudicated before their property can be sold or otherwise interfered with. It is not, therefore, any matter of moment to the property-holder whether the engineer succeeds in finding out and placing in the tax bill the name of the true owner or not. Any mistake or omission therein is not likely to harm him, and it is not conceived that such mistake or omission vitiates the bill.

These considerations take the case out of the reason of the rule requiring a strict construction of statutes authorizing the imposition and collection of general taxes where these safeguards are omitted. The requirement of the statute making it the duty of the engineer, in respect to these special sewer taxes, to insert in the bill the name of the owner of the respective lots assessed, should have a fair and liberal construction, so as to give effect to the obvious purpose of the enactment. There is no good reason for supposing that it was the intention of the Legislature to make

the validity of the tax and the security of the lien dependent upon the industry and legal judgment of the engineer in searching out the true owner of the assessed property. Accuracy on the part of the engineer in this respect is a matter of convenience to the contractor, but not material to the property owner.

The rights of the owner can not be affected till he has had his day in court. Regarding the clause of the statute requiring the name of the owner to be inserted in the tax bill as directory merely, the question in regard to L. De Noue's ownership ceases to be important in passing upon the validity of the assessment. That is good, notwithstanding there may have been an error in this particular.

But the judgment should have been limited to the property and its owners; whereas a general judgment was asked and rendered against all the defendants, three of whom, at least, were not owners, and for this reason the judgment was erroneous. The deed of trust created a lien upon the property, but the parties to the instrument did not, because of it, become personally liable for the taxes, general or special; and a personal judgment against them for the tax assessed was unwarranted, although they may have been properly joined in the suit as parties having an interest in the property covered by the tax lien. The personal judgment should have gone alone against the actual debtors—the parties who owed, and whose duty it was to pay, the taxes. There is strong analogy between this and mechanic's lien cases, as regards the proper judgment to be rendered, where it has been repeatedly held that the personal judgment must be confined to the real debtors. (Walkenhorst v. Coste *et al.*, 33 Mo. 401; Heltzell v. Hynes, 35 Mo. 482.) Whether L. De Noue stood in such relation to the property as to be a debtor for the taxes or in duty bound to pay them, and thus to justify a personal judgment against him, it is not necessary now to determine, or to inquire whether the personal judgment against Mrs. De Noue (a married woman) is warranted by the law.

The judgment of the Circuit Court in general term, reversing the judgment at special term, is affirmed. The other judges concur.