| 98 | 567 |
| 41a | 465 |
| 98 | 567 |
| 134 | 92 |
| 98 | 567 |
| 86a | 316 |

CRANE, *Appellant*, v. DAMERON.

1. **Purchaser at Tax Sale: REAL AND APPARENT OWNER: DESTRUCTION OF RECORD OF DEED.** A purchaser under a judgment in a back-tax suit brought against the apparent owner of land will not be protected against the holder of a recorded deed from such apparent owner, although the deed-book containing the record of the deed had been destroyed before the bringing of the suit.

2. ——— : ——— : ——— : EVIDENCE. The destruction of the deed-book containing the record of a deed does not, in contemplation of law, destroy the deed. Its contents may be proved by secondary evidence, and it must be taken notice of by one who, by virtue of the record, claims title against the true owner.

Crane v. Dameron.

*Appeal from Shannon Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED.

*James Orchard* for appellant.

(1) Under the revenue laws of 1877 and acts amendatory thereto, tax suits must be brought against the record owner. *State ex rel. v. Sack,* 79 Mo. 661; *Cowell v. Gray,* 85 Mo. 169; *Evans v. Robberson,* 92 Mo. 192. (2) The plaintiff in this case, having placed his deed upon record in the proper county, March 5, 1860, he had complied with the law with reference to recording deeds, and, although the record was destroyed by fire December 31, 1871, it still stood as notice to the whole world, and those purchasing from Cyrus K. Brown, under a judgment against him for taxes or otherwise, took the land with notice of the deed from Cyrus K. Brown to George L. Crane, the plaintiff herein. R. S. 1879, secs. 692, 693; *Myers v. Buchanan,* 46 Miss. 397; *Steele v. Boone,* 75 Ill. 457; *Gammon v. Hodges,* 73 Ill. 140; *Heaton v. Peatten,* 84 Ill. 330; *Curyea v. Berry,* 84 Ill. 600; *Armentrout v. Gibbans,* 30 Gratt. 632; *Fitch v. Boyer,* 51 Texas, 336.

*L. B. Woodside* for respondent.

(1) We concede the statute provides that the suit shall be instituted against the owner of the land. (2) This court, however, has construed this provision to mean the person appearing by the registry of deeds to be the owner, in absence of notice to the contrary. *Vance v. Corrigan,* 78 Mo. 94; *State ex rel. v. Sack,* 79 Mo. 661; *Evans v. Robberson,* 92 Mo. 192. (3) The language used, is not the owner by a duly recorded deed, but party appearing by the records to be the owner. *Evans v. Robberson, supra.* (4) The only

record of this tract in existence at the time this suit was brought was the certified plat-book of entries, and it shows that Brown was the owner, and hence, under the cases above cited, the suit was properly brought against him and no other person could have been made a party defendant.

BRACE, J.—Action in ejectment for a tract of land in Shannon county. The land was entered by Cyrus K. Brown, in 1858, and on the tenth day of August, 1859, Brown, by warranty deed, conveyed the land to the plaintiff, whose deed was on the fifth day of March, 1860, filed for record in the office of the recorder of said county, and, on the eighth of March, 1860, the same was recorded among the land records of said county in Deed Book C, at pages 114 and 115. On the thirty-first of December, 1871, Deed Book C was destroyed by fire. The taxes on the land for the years 1871 to 1878, inclusive, was assessed to Brown. A suit for delinquent taxes for these years was instituted by the collector of said county against this tract of land, to which Brown was made the party defendant and on the sixth day of November, 1880, judgment was rendered for the taxes, and on the fifth day of May, 1881, the land was sold under this judgment. The defendant Dameron became the purchaser, received his tax deed therefor, and put the same on record in said county. The court, before whom the case was tried without a jury, found for the defendant, and plaintiff appeals.

The plaintiff was the owner of the lands during the years in which it was assessed to Brown. He was the owner when the suit was brought for the delinquent taxes for those years, when the judgment was rendered and the land sold to the defendant under the judgment, in which suit Brown was defendant, and to which plaintiff was not a party. The law under which this tax suit was brought required that it should be brought

against "the owner of the property."    R. S. 1879, sec. 6857.    The doctrine announced in *Vance v. Corrigan*, 78 Mo. 94, and recognized in the subsequent cases cited in *Allen v. Ray*, 96 Mo. 542, that a purchaser under a judgment in a back-tax suit to which the person appear-ing by the registry of deeds to be the owner was made a party defendant, in the absence of notice that such party was not the true owner, would be protected in his purchase against the holder of an unrecorded deed from such apparent owner, was, in the subsequent case of *Payne v. Lott*, 90 Mo. 676, held to extend to the person who appeared to be the owner by the plat-book of lands duly certified and on file in the county clerk's office.    The defendant is a purchaser under a judgment in a back-tax suit, to which the person appearing by the plat-book to be the owner of the land was made party defendant, and under the rule in that case he is to be protected. But against whom?    Against *the holder of an unre-corded deed* from such apparent owner.    But the plain-tiff is the holder of a *recorded deed* from such apparent owner, and against him the rule affords the defendant no protection.    True, the book in which the plaintiff's deed was recorded was destroyed, but that was not his fault, and cannot be made his misfortune. It is not non-existent in contemplation of law, its contents can be proved by secondary evidence, and must be taken notice of by him who claims title by virtue of the record, against the true owner.

The judgment is reversed.    All concur, except RAY, C. J., absent.