THE CITY OF ST. JOSEPH to the use of PETER SWENSON, Defendant in Error, v. ZEILDA FORSEE, Plaintiff in Error.

**Kansas City Court of Appeals, December 19, 1904.**

1. **TAXBILL: Owner: Omission of Name.** A taxbill should be issued against the record owner of the property to be charged; but omitting to name such owner in the bill will not render it invalid.

2. ———: ———: **Suit: Notice.** The holder of a taxbill has a right to assume that the record owner is the true owner and to sue accordingly; and a sale under such judgment carries the title against the grantee in an unrecorded deed, provided the purchaser has no notice of such deed.

3. ———: ———: ———: **Prima Facie Case.** Anyone having an interest in the property sought to be charged may be made a party defendant, but the taxbill is not prima facie evidence against one not named therein; and a plaintiff must make out his case against such party *aliunde*.

Error to Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

REVERSED AND REMANDED.

*James F. Pitt* for plaintiff in error.

(1)   The chief question presented by this record involves the validity of a sewer bill, issued against and in the name of a dead person, whom the officer knew to be dead, and while he in fact knew who was the owner of the property described in it.   R. S. 1899, sec. 5686. (2)   Is this statute mandatory, or merely directory? If mandatory, then a taxbill made out, as in this case, against a dead person, whom the engineer knew to be dead, and who by no possibility could be the owner, is absolutely void, and not amendable.   In such circumstances the officer makes no mistake, to be corrected or amended; he willfully fails or refuses to obey the law, and his act is a nullity.   Sedalia v. Gallie, 49 Mo. App. 397; Westport v. Mastin, 62 Mo. App. 657; State ex rel. v. Gibson, 12 Mo. App. 1; Kefferstein v. Knox, 56 Mo. 186; Vance v. Corrigan, 78 Mo. 97; Jaicks v. Sullivan, 128 Mo. 177; St. Louis v. Wenneker, 145 Mo. 239.

*Graham & Fulkerson* for defendant in error.

(1)   The judgment is for the right party.   The taxbill was made out ''in the name of the owner'' within the meaning of the statute.   R. S. 1899, sec. 5686; Vance v. Corrigan, 78 Mo. 94; Payne v. Lott, 90 Mo. 676; Nolan v. Taylor, 131 Mo. 227; Elliott on Roads and Streets (2 Ed.), sec. 598; Reed v. Kalfsbeck, 147 Ind. 148; Trust Co. v. Chehalis Co., 79 Fed. 282.   (2) At most the statute is but directory and not mandatory. St. Louis to use of Rotchford v. DeNoue, 44 Mo. 136.

BROADDUS, J.—This is a suit upon a taxbill issued against Amanda Corby as the owner of the property sought to be charged with the lien for work done by Peter Swenson in the construction of a sewer in the city of St. Joseph, Missouri.   At the time the contract for the work was let the title to the property in

question—as it appeared by the records—was in said Amanda Corby, but the fact was that she had died previously thereto and the same had descended to the defendant who was her sole heir at law.

On the trial the taxbill was introduced in evidence over the objections of the defendant. The ground of objection was that the taxbill should have been made out against the owner of the property. The defendant had set up in her answer that when said taxbill was issued the engineer who issued it, as well as plaintiff Swenson, knew that the title to the property was in the defendant. This answer was not controverted by any reply and thereby stood confessed. The plaintiff contends that the case was tried upon the theory that said allegation was traversed but the record of the trial does not so show.

Section 5686, Revised Statutes 1899, governing cases of this kind requires that taxbills of the nature of that in controversy should state the name of the owner of the property. The courts hold that the owner mentioned in this section is that person whom the public records show to be vested with the title, in the absence of knowledge to the contrary. [Smith v. Barrett, 41 Mo. App. 460; Vance v. Corrigan, 78 Mo. 94; Cowell v. Gray, 85 Mo. 169; Payne v. Lott, 90 Mo. 676 and Crane v. Dameron, 98 Mo. 567.] Yet, it is equally as well-settled law that an omission to state in a taxbill the owner of the property sought to be charged with a lien does not render it invalid. [City of St. Louis ex rel. v. DeNoue, 44 Mo. 136; Stadler v. Roth, 59 Mo. 400; Vieths v. Planet P. & F. Co., 64 Mo. App. 207.] It follows therefore that notwithstanding the said taxbill was not made out against the known owner of the property, the same was not invalid.

The statute requires that a suit to enforce such taxbills shall be brought against the owner of the property to be charged; and in the absence of knowledge or

notice to the contrary, the holder of the bill has the right to assume that the person in whom the records show the title to be vested is the true owner, and to sue accordingly; and that a sale under execution upon a judgment against the record owner passes the title as against the grantee in an unrecorded deed from him, provided the purchaser had no notice of the unrecorded deed. [Vance v. Corrigan, 78 Mo. 94; Payne v. Lott, 90 Mo. 676; Crane v. Dameron, 98 Mo. 567.]

It is also the law that any party may be sued to enforce the lien of a taxbill against any person who has an interest in the property sought to be charged, but the taxbill is not prima facie evidence of liability against a person so sued who is not stated in such taxbill to be the owner of such property. [Vieths v. Planet P. & F. Co., supra, and Construction Co. v. Loevy, 64 Mo. App. 430. It therefore follows that regardless of its theoretical value, it was a matter of no consequence at the time the engineer issued the taxbill whether or not the defendant not named was the owner of the property. Although sued, the said taxbill as to her was not prima facie evidence of liability. As the court held that it was such prima facie evidence the cause must be reversed for that error. But the suit was properly brought under the statute and the plaintiff will be required to prove his case *aliunde* said taxbill in the usual manner. Reversed and remanded. All concur.