THE CITY OF ST. JOSEPH ex rel. E. R. GIBSON, Defendant in Error, v. ZEILDA FORSEE, Plaintiff in Error.

**Kansas City Court of Appeals, February 6, 1905.**

1. **TRIAL PRACTICE: Reply: Trial.** Where no reply is filed to the new matter set up in the answer and a trial does not proceed upon the supposition that a reply is in, the allegations of the answer must be accepted as admitted facts.

2. **TAXBILL: Name of Dead Owner: Mistake: Amendment.** The requirement to insert in the taxbill the name of the owners of the respective lots to be charged should have a fair and liberal construction so as to give effect to the obvious purpose of the enactment; and where the engineer inserts the name of the record owner, who is known to be dead at the time the bill is issued, such act will be treated as a mere mistake, not as a suppression of a material fact, and an amendment will be permitted at the trial.

3. —— ——: **Amendment: Evidence.** The fact of such amendment will enable the plaintiff to use the bill to make a prima facie case and so obviate the necessity of evidence *aliunde*.

4. ——: ——: **Interest: Penalty.** The rule that excludes the taxbill as prima facie evidence against the true owner until his name is legally inserted therein prevents the imposition of penalties upon him to the same time; so that interest which, as provided in the statute is but a misnomer for penalty, can not be allowed against the true owner's interest in the lots until his name is legally inserted in the taxbill.

5. ——: **Judgment: Interest.** The judgment on a taxbill bears interest at 6 per cent only.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James*, Judge.

REVERSED AND REMANDED.

*James F. Pitt* for plaintiff in error.

(1) Is this statute mandatory, or merely directory? If mandatory, then a taxbill made out, as in

this case, against a dead person, whom the engineer knew to be dead, and who by no possibility could be the owner, is absolutely void, and not amendable. In such circumstances the officer makes no mistake, to be corrected or amended; he willfully fails or refuses to obey the law, and his act is a nullity. Sedalia v. Gallie, 49 Mo. App. 397; Westport v. Mastin, 62 Mo. App. 657; State ex rel. v. Gibson, 12 Mo. App. 1; Kefferstein v. Knox, 56 Mo. 186; Vance v. Corrigan, 78 Mo. 97; Jaicks v. Sullivan, 128 Mo. 177; St. Louis v. Wenneker, 145 Mo. 239. (2) The judgment is excessive. It is made to bear fifteen per cent from the day of its rendition. The statute makes no provision for continuing this penalty. St. Louis v. Allen, 53 Mo. 44.

*Graham & Fulkerson* for defendant in error.

(1) The taxbill was amended so as to set out the correct name of the owner of the property, Zeilda Forsee. This was proper and to all intents and purposes made the bill as though it had been written that way at the time it was originally made out. Galbreath v. Newton, 45 Mo. App. 317, and cases cited; Elliott on Roads and Streets (2 Ed.), sec. 598. (2) The officer who made the original bill is the proper person to correct any error therein whether still in office or not. Galbreath v. Newton, 45 Mo. App. 318. (3) The judgment should bear fifteen per cent interest. R. S. 1899, sec. 5686.

JOHNSON, J.—This is an action upon a special taxbill issued for building a district sewer in St. Joseph, a city of the second class. The bill was made out to "Amanda Corby estate" and recited that Amanda Corby was the owner of the property against which it was issued. It was dated October 5, 1900. Zeilda Forsee is the defendant. It is admitted that Amanda Corby died on the 10th day of January, 1899;

that at the time of her death she was the record owner
of the property described in the taxbill and that de-
fendant was and is her sole heir.   During the trial
plaintiff asked and obtained leave to amend the taxbill
by inserting therein the name of defendant as owner
in lieu of ''Amanda Corby estate'' and Amanda Corby.
The engineer who issued the bill, but whose term of
office had expired, was present and made the amend-
ment over the objection of defendant.   Thereupon, de-
fendant by leave of court filed an amended answer in
which, among other things, she alleged that at the time
the bill was issued the engineer knew Amanda Corby
was dead and that defendant was her sole heir.   No
reply was filed to this answer nor did the trial there-
after proceed upon the supposition that a reply was in.
The allegations of the answer must therefore be ac-
cepted as admitted facts, and the first subject of in-
quiry presented is the effect of these admissions upon
the validity of the taxbill.

We cannot give our sanction to the claim made by
counsel for defendant that in issuing the taxbill the
fact that the engineer inserted the name of Amanda
Corby as owner in the face of knowledge on his part
of her death and of the fact that defendant was her
sole heir is evidence, in the absence of other facts, of
bad faith on the part of the engineer or of the con-
tractor.   The officer finding the record title in Amanda
Corby honestly might hesitate to settle the question of
the descent of her property.   What he did was con-
sistent with an honest purpose.   The insertion in the
bill of the name of Amanda Corby as owner will be
treated as a mere mistake—not as the suppression of a
material fact.   It has been held repeatedly in this
State that the existence of such irregularities does not
affect the validity of the bill as a lien upon the prop-
erty.

In the case of City of St. Louis v. De Noue, 44 Mo.
139, where this subject was under discussion, it was

held: "The requirement of the statute making it the duty of the engineer, in respect to these special sewer taxes, to insert in the bill the name of the owner of the respective lots assessed should have a fair and liberal construction so as to give effect to the obvious purpose of the enactment. There is no good reason for supposing that it was the intention of the Legislature to make the validity of the tax and the security of the lien dependent upon the industry and legal judgment of the engineer in searching out the true owner of the assessed property. . . . Regarding the clause of the statute requiring the name of the owner to be inserted in the taxbill as directory merely," etc.

Nor has the force of the rule been curtailed, as contended by defendant's counsel, in the subsequent cases of Kefferstein v. Knox, 56 Mo. l. c. 188 and Stadler v. Roth, 59 Mo. l. c. 402. In the former case the name of the owner inserted by the engineer was erased by the contractor and the name of the real owner by him inserted—an unauthorized act; and in the latter case, the taxbill was amended by changing the name to that of the real owner but the amendment was made not by the engineer who issued the bill but by his successor in office—which was also an unauthorized act. In both cases the bills were held valid as liens but were excluded as prima facie evidence against the party named as owner. In other words, the holder was required to prove the facts contained in their recitals by evidence *aliunde*. In Stadler v. Roth, supra, it was said:

"We do not understand the case of Kefferstein v. Knox, 56 Mo. 186, as holding that an unauthorized alteration of the name of the owner in a special taxbill will utterly destroy the validity of the bill as a lien, but that in consequence of such alteration, it simply ceases to be prima facie evidence of the things enumerated in the statute. And as there can be no personal liability on the party named as owner, and such name

is required to be inserted as a matter of convenience to the parties, it would seem to be a sufficient penalty to impose upon an alteration in this respect, not made with a fraudulent purpose, to declare that the bill should cease to be prima facie evidence even against the party originally named in it as owner.''

In this court, in the case of Galbreath v. Newton, 45 Mo. App. 1. c. 317, it was held: ''A mistake in the name of the owner does not invalidate the taxbills. They may be amended so as to designate the true owner. . . . As argued by defendant, the taxbill is the cause of action, and as a cause of action defectively alleged may be amended, so the irregularities or informalities in a taxbill are subject to amendment.''

To the same effect are the cases of Vieths v. Planet Co., 64 Mo. App. 1. c. 211, decided by our sister court at St. Louis, and Vance v. Corrigan, 78 Mo. 1. c. 97. There is nothing affecting adversely the conclusion reached in these cases in Jaicks v. Sullivan, 128 Mo. 177. The point decided there was that the real owner could not be made a party by amendment to a suit pending on a special taxbill after limitation had run against the bill. Recently, this court in the case of City of St. Joseph ex rel. Swenson v. Forsee, 110 Mo. App. 127, has followed the rule declared in these cases.

In our opinion the taxbill before us was at the time it was issued a valid charge against the property therein named, notwithstanding the mistake in the name of the owner. As such, it afforded a cause of action against the defendant upon which suit could be maintained. The effect of the amendment was to enable the plaintiff to use the bill as prima facie evidence against the defendant as to the validity of the charges against the property therein described and of the liability of the defendant. Had no amendment been made, proof of these facts by other evidence would have been required.

The circuit court in the judgment rendered included interest on the amount of the taxbill at the statutory rate: that is, ten per cent per annum for the first six months, excluding the first thirty days thereof, and fifteen per cent per annum thereafter; and also allowed interest on the judgment from the date it was rendered at fifteen per cent per annum.

The validity of the taxbill as a lien upon defendant's property is sustained because it represents a proportional part of the cost of the construction of an improvement authorized by law and chargeable to defendant's property under the statute upon the theory of a reciprocal benefit to the property. The completion of the work in accordance with the provisions of the statutes and the ordinance thereunder completes the right in the contractor to have an assessment made and taxbills issued to him by the engineer. Therefore, as stated, mere irregularities in making out the bill resulting from an honest mistake of the engineer are not sufficient to defeat or suspend the lien thus created. But the recovery of interest is controlled by an entirely different principle. The use of the word "interest" in the statute is a misnomer. It is not interest but is a *penalty* to which the owner is subjected for his neglect of duty in failing to pay. [ City of St. Louis v. Allen, 53 Mo. 57; Bank v. Woesten, 176 Mo. 60; Tipton v. Norman, 72 Mo. 380; Eyerman v. Blaksley, 78 Mo. 145.]

The same rule that excludes the taxbill as prima facie evidence against the real owner until his name is legally inserted therein as owner should apply to prevent the imposition of penalties upon him. The holder of such an irregular bill, who chooses to carry it, when by the exercise of small diligence he could readily have the irregularity cured, is in no position to exact a penalty against a person not named in the bill and who may not, on that very account, know of the existence of the lien against his property. It is

our conclusion that penalties do not begin to run against an owner — or, more accurately speaking, against his interest in the property—so long as his name does not lawfully appear in the bill as owner. And as the amendment in this case was not made until the day of trial the judgment should not have included any penalty.

The circuit court also erred in allowing interest at the rate of fifteen per cent per annum on the judgment. The rate should have been six per cent. [City of St. Louis v. Allen, supra.]

For these errors the judgment is reversed and the cause remanded. All concur.