# BARBER ASPHALT PAVING COMPANY v. PECK et al., Appellants.

### Division Two, February 21, 1905.

1. **SPECIAL TAXBILL: Several Lots: Charge Against All.** Where four lots are sought to be charged with a taxbill, one of which lies along or adjoining the street improved, and all four front on a cross street, an aggregate assessment cannot, under the charter of St. Louis, be made against all the lots, but only against the lot adjoining the street improved, unless it is both alleged and proven that all four lots were used as one lot by the owners thereof.

2. ———: **Penalty: Demand: On Representative.** The taxbill was first issued against "Charles E. Peck's Est. (Owner)," and demand was made on Stephen Peck for payment. Afterwards a new taxbill was issued which named the trustees, executors, heirs and widow, as owners, and it is claimed that the holder of the taxbill should be allowed fifteen per cent as interest from the date of the demand against Stephen Peck. *Held*, that as there is no evidence that the estate of Charles E.

Peck was still in the course of administration at the date of the demand on Stephen Peck or that it was his duty as executor or trustee to pay the taxbill, and there being no demand on the other defendants, the holder of the taxbill is not entitled to interest from the date of that demand, but only from the institution of the suit.

3. ——: ——: ——: ——: **Relation.** To entitle the holder of a taxbill to interest a demand must be made against the owner of the property sought to be charged, and where the taxbill was first issued against an estate and demand was made against the executor. and afterwards was amended and issued against the trustee and heirs, who are alleged to be the owners, the amendment will not so operate by relation as to authorize the holder of the bill to recover fifteen per cent from the date of that demand, as a penalty.

4. ——: **Unserved Owner.** A judgment on a special taxbill against a landowner who was not served with process is erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

REVERSED AND REMANDED.

*S. T. G. Smith* and *Thos. S. Meng* for appellants.

(1) The taxbill sued on is void by reason of the fact that an aggregate assessment is made against several lots of ground. Miller v. Anheuser, 4 Mo. App. 436; St. Louis v. Provenchere, 92 Mo. 66. (2) In order to enforce the penalty of fifteen per cent interest for default in payment after demand, the demand must be personal. Here no demand of any kind was proven except against one of a large number of defendants. Stifel v. MacManus, 74 Mo. App. 563. (3) The taxbill sued on is ambiguous and unintelligible. The frontage of the lots is stated therein as $\frac{193.58}{206.25}$ feet by a depth of 144.25 feet. As the assessment is figured on a basis of 144.25 feet, it appears that the assessment was made upon the depth of the lot. This taken in connection with the testimony of Craney, that the side

of the lot faces Grand avenue, would show that not more than one of the lots assessed abutted on the street improved, and it does not appear which lot this is. There is further a lump sum assessed against the four lots, which is clearly illegal, even if all were subject to the tax. (4) There is no suggestion of any evidence of a demand upon any of the defendants, except Stephen Peck. It is true that the court made a finding to the effect that demand was made upon Stephen Peck as representative of all the other defendants, but such finding is absolutely unsupported by the evidence. It has been decided that the demand required by the charter provisions must be personal. Swartz v. Frank, 82 S. W. 62.

*Adiel Sherwood* for respondent.

(1) Section 25 of article 6 of the old city charter, which fixed the rate of interest at fifteen per cent per annum after demand of payment, is legal and valid, and interest at that rate is collectible after non-payment. Bank v. Woesten, 176 Mo. 60. (2) Under section 18, article 6 of the old city charter, it is provided that all of the property adjoining the street to be improved shall be assessed for the improvement of the street. This court in Farrar v. St. Louis, 80 Mo. 379, held that the board of public improvements and the municipal assembly had the right to charge the cost of improvement against property adjoining a street in proportion to its frontage thereon. This court has held a number of times that the word "adjoining" in the old city charter was equivalent to "abutting" or "fronting." Farrar v. St. Louis, 80 Mo. 379; Moberly v. Hogan, 131 Mo. 19; Seibert v. Tiffany, 8 Mo. App. 33; Allen v. Krenning, 23 Mo. App. 561; Walton v. Railroad, 67 Mo. 58. (3) Under the provisions of the old city charter, section 18, article 6, it has always been held in Missouri that a tract of ground, whether consisting

of several lots, as shown by plats, or not, might be assessed for a street improvement on one side thereof where the owner uses the same as one, and that this might be proved by the absence of division lines, by the location of buildings, or by any other proper evidence, showing that the property-owner had disregarded the lot lines and used two or more lots as one. Wolfert v. St. Louis, 115 Mo. 144; Kemper v. King, 11 Mo. App. 128; Heman Construction Co. v. Loevy, 64 Mo. App. 437; Fitzgerald v. Thomas, 61 Mo. 499. The same conclusion has been reached in many States where the same question was presented: City to use v. Cottage Co., 9 Phila. 84; McKeesport v. Sales, 178 Pa. St. 363 (35 Atl. 927); City of Chester v. Eyre, 181 Pa. St. 642 (37 Atl. 837); City to use v. Cadwallader, 22 W. N. C. 8; Davis v. Point Pleasant, 32 W. Va. 295 (9 S. E. 230); State ex rel. v. Essex Public Road Board, 51 N. J. L. 170. (4) Defendants are estopped. They had knowledge of the commencement of the proceedings and of each step taken during the passage of the ordinance, the advertisement for bids, the awarding of the contract, the confirmation of the contract, and the beginning and prosecution and completion of the work. It is admitted that defendant stood by in silence and without objection or protest allowed the work to proceed, and did nothing except defend this suit. Defendants should not now be permitted to contest the validity of the assessment so made. Planet Property Co. v. Railroad, 115 Mo. 626; Hellenkamp v. City of Lafayette, 30 Ind. 192; Palmer v. Stumph, 29 Ind. 329; Lafayette v. Fowler, 34 Ind. 146; Jackson v. Smith, 22 N. E. 432; Gibson v. Owens, 115 Mo. 258; Ritchie v. South Topeka, 38 Kan. 374; Warren v. Barber Asphalt Pav. Co., 115 Mo. 580; Huling v. Bandera Flag Stone Co., 87 Mo. App. 360; Traphagen v. Mayor, 29 N. J. Eq. 209; Easton v. Railroad, 9 C. E. Green (N. J.) 57; Powers v. New Haven, 120 Ind. 185; Skinker v. Heman, 148 Mo. 349; Elliott on Roads and Streets

(2 Ed.), sec. 590; Warren v. Barber Asphalt Pav. Co., 115 Mo. 580; Gibson v. Owens, 115 Mo. 567; Heman v. Ring, 85 Mo. App. 231; Barber Asphalt Pav. Co. v. Hezel, 76 Mo. App. 135 (155 Mo. 391). (5) Demand of payment of a claim to one of two executors or administrators is notice to both. Baird v. Walker, 12 Barb. 300; Geisler v. Acosta, 9 N. Y. 232; Crowder v. Shee, 1 Camp. 437; Dean v. Duffield, 8 Tex. 236; Gage v. Adm. Johnson, 1 McCord (S. C.) 492; Murray v. Blatchford, 1 Wend. 589; Douglas v. Satterlee, 11 Johns. 22; Comyn Dig., title condition L. 9; Acre v. Ross, 3 Stew. (Ala.) 288; Willis v. Farley, 24 Cal. 490; Barnes v. Scott, 29 Fla. 285; Clark's Admr. v. Railroad, 5 Kan. 644. (6) The president of the board of public improvements and the comptroller of the city of St. Louis had the legal right to amend the special taxbill sued upon, so as to show the facts with respect to ownership at the time of the issuance thereof, an error having been made in issuing said taxbill against Charles H. Peck's estate instead of against the trustees of said estate, and the widow and two daughters of said Charles H. Peck, deceased, who have an interest through the trustees. State ex rel. v. St. Louis, 81 S. W. 1104; Galbreath v. Newton, 30 Mo. App. 380; 2 Smith's Modern Law Mun. Corp., sec. 1262; Kiley v. Cranor, 51 Mo. 543; Rugle v. Webster, 55 Mo. 250; Morley v. Weakley, 86 Mo. 455.

GANTT, J.—This is an action to enforce a special taxbill against certain lots in the city of St. Louis for the paving of Grand avenue. The taxbill recites there are four lots, to-wit, 2, 4, 6, and 8, in City Block No. 2289, having an aggregate front, on Vandeventer Place, of $\frac{193.58}{206.25}$ feet by a depth of 144.25 feet. The taxbill was issued November 15, 1899, under and by Ordinance 19831, and a contract No. 5482 made in pursuance thereof.

The original taxbill as issued described the owner as ''Charles H. Peck's Est.''   On August 2, 1900, the taxbill was amended so as to name  Charles  H.  Peck, Jr., Stephen Peck, John A. Peck, Rebecca Dusenberry, wife of J. W. Dusenberry, Jr., Belle Peck, trustees under the will of Charles H. Peck, deceased, and Rebecca Peck, widow, and Rebecca and Belle Peck, daughters of Charles H. Peck, deceased, as owners. The suit was commenced August 14, 1900.   There  was  no  service on Charles H. Peck, Jr., and no dismissal as to him, but the judgment was against him with the other defendants named.

The answer is a general denial, and a special plea that the taxbill was and is void  because  the  charter and the ordinances of St. Louis, under which the work was done, were void and constituted a deprivation of the defendant's property without due process of law in that the whole cost of the work alleged to have been done is arbitrarily charged against the abutting property according to its frontage without a hearing or determination as to whether  or  not  said  property  was benefited thereby or as to the amount of benefit or the apportionment of the work according to  the  benefits accruing to the respective parcels of ground.

The reply denied all the allegations of new matter and pleaded an estoppel *in pais,* that the defendants were citizens of St. Louis at the  time  the  work  was done and knew it was being done by plaintiff in full reliance upon the regularity and  validity  of  the  ordinance, and defendants made no  protest  or  objection, and that defendants' property was materially increased in value by said improvement.

The cause was tried by the court, a jury having been waived.  On the part of plaintiff the only evidence offered was the taxbill and proof of the genuineness of the signatures of the comptroller and president of the board of public improvements thereon; that the trustees or executors of Charles H. Peck's es-

tate never made any protest to the officers or agents of plaintiff against the paving of Grand avenue before or while the said work was being done; that the lot on which the Peck house stands is the first lot on the right as you enter Vandeventer Place from the east or Grand avenue; the side of this lot is on Grand avenue and its front on Vandeventer Place. It was further shown that on November 25, 1899, L. C. Harner, cashier of plaintiff, made a demand for the payment of the taxbill in suit on Stephen Peck, as executor of Charles H. Peck, at 228 Lincoln Trust Building; that the same was not paid. Defendants offered no evidence. Thereupon the court gave the following declarations of law for plaintiff:

"1. The court declares the law to be, that, upon the pleadings and evidence in this case, the plaintiff is entitled to recover a special judgment against defendants for the amount of its taxbill herein sued upon, with interest at the rate of fifteen per cent per annum, to date of judgment, from November 25, 1899, the date of demand.

"2. The court declares the law to be that defendants, having stood by in silence from the time the work of improvement commenced under the ordinance and contract in plaintiff's petition mentioned, without taking any legal proceedings to stop said work, are now estopped on account thereof, and should not now be heard to contest the validity of the taxbill herein sued upon," to which defendants at the time excepted.

The court refused the following declarations of law prayed by defendants:

"1. The court declares the law to be, that, under the pleadings and the evidence, plaintiff cannot recover, and its finding and judgment must be in favor of defendants, Stephen Peck, John A. Peck, Rebecca Dusenberry, and Belle Peck, trustees under the will of Charles H. Peck, deceased, and Rebecca Peck, Re-

becca Dusenberry, J. W. Dusenberry, Jr., and Belle Peck.

"2. The court declares the law to be, that the evidence contained in the deposition of Loyd C. Harner, offered in evidence by plaintiff, is not suffiient evidence of a demand for the payment of the taxbill sued on, to authorize a judgment charging as a lien upon the property of defendants, Stephen Peck, John A. Peck, Rebecca Dusenberry and Belle Peck, trustees under the will of Charles H. Peck, deceased, and Rebecca Peck, Rebecca Dusenberry, J. W. Dusenberry, Jr., and Belle Peck, fifteen per cent per annum interest upon the amount of said taxbill from the date of such demand," to the refusal of which defendants duly excepted.

The court thereupon made the following finding of facts to which defendants duly excepted:

"1. That the plaintiff is the owner of the taxbill herein sued upon and that demand of payment was made upon Stephen Peck, at the office of the trustees and executors of Charles H. Peck's estate, on November 25, 1899, and that said demand was made upon him as the representative of all the defendants herein, except the defendants Wallace and Lee, who are trustees of the Vandeventer Place Association, against whom plaintiff dismissed at the commencement of the trial of this cause.

"2. The court further finds that the taxbill is unpaid and that defendants permitted improvements to be made on Grand avenue east of their property under the ordinance and contract described in plaintiff's petition, without any protest, or objection, standing by in silence from the time said work commenced until the completion thereof.

"3. The court further finds that the improvements upon the real estate against which said taxbill is a lien are located on the north side of Vandeventer

Vol 186 mo—33

Place upon the portion of the lot against which said taxbill is a lien, and immediately east of Grand avenue, upon which the pavement was laid by plaintiff under the ordinance and contract alleged in the petition.

"The defendants offered no evidence.

"The court, therefore, finds that plaintiff is entitled to recover against defendants upon said taxbill for the amount thereof, together with interest at the rate of fifteen per cent per annum, from November 25, 1899, to the date of the judgment herein, which shall be a special judgment against the property in said taxbill and in plaintiff's petition described at length."

Thereupon, the court, on January 6, 1902, rendered judgment for plaintiff, establishing the tax lien against the property described in the petition for $903.87, being the amount of the face of the taxbill, together with interest thereon from November 25, 1899, at the rate of fifteen per cent per annum.

In due time defendants, except Charles H. Peck, Jr., moved the court for a new trial on the following grounds:

"1. Because under the pleadings and the evidence the findings and judgments of the court should have been in favor of these defendants.

"2. Because the court erred in admitting incompetent and improper evidence offered by plaintiff.

"3. Because the court erred in giving declarations of law numbered 1 and 2 at the request of plaintiff.

"4. Because the court erred in refusing declarations of law numbered 1 and 2 asked by these defendants.

"5. Because the findings and judgment of the court are against the law.

"6. Because the findings and judgment of the court are against the evidence.

"7. Because the finding of facts made by the court is against the evidence in that there is no evi-

dence that demand for payment of the taxbill sued on was made upon Stephen Peck at the office of the trustees and executors of Charles H. Peck's estate; there is no evidence that demand was made upon Stephen Peck as the representative of any of the other of these defendants for the payment of said taxbill; there is no evidence that Stephen Peck was at the time of the demand the representative of any of the other of these defendants; there is no evidence that any of these defendants stood by in silence during the doing of the work or that they had any knowledge thereof; there is no evidence that the improvements are located on the portion of the lot against which the taxbill was issued.

"8. Because the special taxbill sued on is illegal and void and insufficient to charge a lien upon the property of these defendants, in that it is indefinite, uncertain and unintelligible, and that an aggregate assessment is made against several lots, instead of a separate assessment against each lot of its proportionate share, and because the assessment is not made according to the frontage of the lots as stated in the taxbill and plaintiff's petition.

"9. Because the amount of the judgment is excessive.

"10. Because there is no evidence of any demand sufficient to authorize the charging of fifteen per cent interest from November 25, 1899, there being no evidence as against these defendants that the special taxbill was a valid lien at that time, and the only demand proven being upon Stephen Peck, one of the defendants."

The court overruled this motion and defendants excepted and appealed to this court.

I. This appeal comes to this court on the ground that the front-foot tax provided by the charter and ordinances of St. Louis was unconstitutional and void. Subsequently the frontage tax was held constitutional

by this court in Barber Asphalt Paving Company v. Frensh, 158 Mo. 534, and affirmed in 181 U. S. 324, and that point is not urged at this time.

II.    It is insisted, however, that the taxbill is void by reason of the fact that an aggregate assessment is made against several lots instead of a separate assessment against each lot for its proportionate share. Section 18 of article 6 of the charter of St. Louis, in force when this work was done, provided that the cost of "paving, curbing, guttering and materials for the roadways  .  .  .  shall be charged upon the *adjoining property* as a special tax."

According to the evidence adduced these four lots all fronted on Vandeventer Place and the side of one of said lots adjoined Grand avenue, the street improved.    The evidence does not disclose which of said lots is adjacent to Grand avenue, but it is clear that under the charter the lot so adjoining Grand avenue is taxable with this improvement of Grand avenue unless it was and is a fact, which the evidence did not show, that all four of said lots were used as one lot by the owners thereof, in which case, as ruled in Wolfort v. St. Louis, 115 Mo. 139, the whole tract so used as one lot was subject to the improvement tax though composed of separate lots. ·

Plaintiff invokes this doctrine, but after a most careful examination of the testimony we have been unable to find the slightest evidence that all four of these lots were used and occupied as one, or that the owners have disregarded the lot lines—and consequently there is nothing to bring the case within the rule announced in Wolfort v. St. Louis, supra. There is no allegation in the petition that they were so used, as there was in the Wolfort case, and no proof that such was the case.

Both the petition and the taxbill describe the property as lots 2, 4, 6, and 8, in city block 2289, and the mere addition that the aggregate front

amounts to $\frac{193.58}{206.25}$ is not an allegation that they have been or were used as one lot, the owners having for their own convenience disregarded the lot lines. It must be held that the judgment was and is erroneous in not confining the lien to the lot which adjoined Grand avenue.

The ordinance under which the work was done expressly provides that: "the president of the board of public improvements shall compute the cost of the whole improvement and levy and assess the same against *each lot* of ground chargeable therewith in the names of the owners in the proportion that the linear feet of said improvement bears to the total number of linear feet of all the property chargeable with said special tax." Holding as we do that it was competent to charge the lot lying north and south along Grand avenue as *adjoining* property, it is evident, from the fact that all four lots fronted on Vandeventer Place, that only the eastern lot of the four so adjoined Grand avenue, unless, as we have said, there was an allegation and proof that all four were occupied as one lot by the owners, who for their own convenience had disregarded the lot lines.

III. But perhaps the most serious contention of defendants is that the circuit court erred in charging and allowing interest at the rate of fifteen per cent per annum from November 25, 1899, up to the rendition of judgment.

Section 25 of article 6 of the charter of St. Louis in force at the time provided that the taxbill should bear "interest at the rate of ten per cent per annum, after thirty days from demand, of its payment date; and if not paid within six months after such demand, then at the rate of fifteen per cent per annum from the date of *said demand.*"

It is obvious that the date of demand fixed the time for the running of interest at the rate of fifteen per cent. Defendants insist there was no demand

prior to the institution of this suit on August 14, 1900, and that the judgment is clearly erroneous as to the penalty from November 25, 1899, until the commencement of the suit. Plaintiff, on the other hand, relies upon the demand made on Stephen Peck, November 25, 1899.

The meagerness of the evidence renders the solution of this controversy difficult. At the time the demand was made of Stephen Peck, the taxbill ran against the "Estate of Chas. H. Peck, dec'd."

There was no evidence that Stephen Peck was the executor of the last will of Charles H. Peck, deceased, or that said estate was still in the course of administration, nor is there an allegation to that effect in the petition. There is an averment that the defendants Charles H. Peck, Jr., Stephen Peck, John A. Peck, Rebecca Dusenberry, wife of J. W. Dusenberry, Jr., and Belle Peck, trustees under the last will of Chas. H. Peck, deceased, and Rebecca Peck, widow, and Rebecca Dusenberry, nee Peck, and Belle Peck, daughters of Charles H. Peck, deceased, at the time of the doing of the work, the registering, certifying and issuing of said special taxbill, were and are now the owners of the property above described.

Mr. Harner, the cashier of the plaintiff corporation, testified that he made the demand upon Stephen Peck as the executor of the estate of Charles H. Peck, on November 25, 1899. Was this such a demand upon the owners as would support a judgment for the penalty against them?

Section 25 of article 6 of the then charter of St. Louis provides that special taxbills regularly issued shall be "prima facie evidence that the work and material charged in such bill shall have been furnished and of the execution of the work, and of the correctness of the rates or prices, amount thereof, and of the liability of the person therein named as the owner of the land charged with such bill to pay the same," etc.

When the demand was made on Stephen Peck on November 25, 1899, "the person therein named as the owner of the land, charged with said bill," was "Charles H. Peck's Est. (Owner)." If the estate of Charles H. Peck was still in the course of administration and Stephen Peck was his executor, then the recital of this bill was prima facie evidence that said estate was chargeable with the payment of said taxbill, but when we come to the allegations of the petition there is no averment that this property belonged to the estate of Charles H. Peck, but certain other persons, who are alleged to be the trustees under his will, and certain others, as his widow and daughters, are alleged to be the owners of said lots; that on the twenty-fifth of November, 1899, demand was made of them to pay said taxbill and they had refused to do so.

The will of Charles H. Peck was not in evidence and we know nothing of the duties of the alleged trustees with respect to this property as to the payment of taxes. We are cited to numerous decisions to the effect that a demand upon one joint debtor, or administrator or executor or one of two joint tenants, is sufficient, and we think such is the accepted doctrine of most of the courts. It is true the circuit court found as a fact that demand of payment was made upon Stephen Peck as the representative of all the defendants, except the trustees of Vandeventer Place as to whom the suit was dismissed, but this finding is challenged, and we agree with defendants' counsel that there is no evidence to sustain this finding.

In Seaboard National Bank v. Woesten, 176 Mo. loc. cit. 60, we sustained the interest on the ground that it was a penalty. Penalties are not favored in the law. A suitor seeking to recover a penalty is required to show the conditions precedent upon which he is entitled to recover it. As this case stands upon the petition and the proofs, there is no evidence that the estate of Charles H. Peck was still in the course of admin-

istration and that it was the duty of Stephen Peck as executor to pay this taxbill. The only demand made upon him was in his character as executor. No proof was made that as trustee he had such an estate in these lots as made it his duty to pay this taxbill.

No demand was made upon the other defendants who are alleged to have been the owners of the lots at that time and at the commencement of the suit. In order to charge them with the penalty of fifteen per cent we think a demand on them, the owners, was essential. While it was competent to amend the taxbill, this amendment did not relate to the demand on Stephen Peck as executor so as to place them in default at the time when no taxbill existed against them. The doctrine of relation is a salutary one, but is never allowed to operate to the disadvantage of innocent third parties; certainly it ought not to be invoked for the purpose of mulcting one with a penalty. After the taxbill was amended August 2, 1900, no demand was made until the suit was brought. The bringing of the suit was a demand in and of itself, and from that date the penalty started, but the allowance of a penalty prior to that time was error.

In conclusion we hold the charter and ordinance were not unconstitutional; that under the ordinance the tax could only be a lien upon the lot adjoining the street on which the improvement was made unless the owners had treated it as one entirety and disregarded the lot lines, and there was no evidence that such was the case, and accordingly on the facts disclosed the judgment establishing a lien on four lots, three of which did not adjoin the street improved, was *pro tanto* erroneous; that it was error to allow the penalty of fifteen per cent prior to the commencement of the suit, as no previous demand had been made on the owners; that it was error to render judgment against Charles H. Peck, Jr., as he was never served with process.

The judgment is reversed and the cause remanded to be tried in accordance with the views herein expressed.

All concur.