## THE CITY OF ST. JOSEPH to the use of PETER SWENSON, Appellant, v. ZEILDA FORSEE, Respondent.

Kansas City Court of Appeals, December 4, 1905, and January 8, 1906.

1. TAXBILLS: Demand: Statutory Construction: Penalty. Demand in cases falling within the purview of section 5686, Revised Statutes 1899, has no bearing upon the right to enforce the penalty, since the failure of the owner against whose land the taxbill has been lawfully issued 'to pay the same within thirty days from its date *ipso facto* starts the penalty to running, and, therefore, the record should constructively advise an owner of the fact of his land being charged with the lien of the taxbill. [Barber v. Peck, 186 Mo. 506, distinguished.]

2. ——: Interest: Penalty. Interest fixed by the statute on a taxbill is not interest at all but a penalty inflicted as a punishment for the breach of duty in failing to pay the bill.

3. ——: Lien: Penalty. A contractor's right to a lien arises from the fact that he, according to law, has conferred a benefit upon the payor's land, but his right to a penalty depends upon his seeing that the person against whose land he seeks to enforce his lien has been named in the bill as owner.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman, Judge.*

AFFIRMED.

*Graham & Fulkerson* for appellant.

In making out special taxbills, one may rely upon the statutory declaration, that the record owner is to be regarded as the real owner, unless he has notice to the contrary. St. Joseph v. Forsee, 84 S. W. 98; Vance v. Corrigan, 78 Mo. 94; State ex rel. v. Sack, 79 Mo. 661; Stafford v. Fizer, 82 Mo. 393; Cowell v. Gray, 85 Mo.

169; Payne v. Lott, 90 Mo. 676; Evans v. Rebberson, 92 Mo. 192; Troyer v. Wood, 96 Mo. 478; Allen v. Ray, 96 Mo. 542; Crane v. Dameron, 98 Mo. 567; Blevins v. Smith, 104 Mo. 583; Smith v. Barrett, 41 Mo. App. 460; Barnett's Executrix v. School, 61 Mo. App. 539; St. Joseph v. Parker, 86 Mo. App. 310. And the burden of showing that the engineer had knowledge of the death of Amanda Corby was on defendant. Vance v. Corrigan, 78 Mo. 94. The taxbill in this case was therefore properly made out and delivered to the plaintiff, and in strictest conformity to the very letter of the law. (2) The prima facie quality of the taxbill has nothing to do with the question of interest, it only concerns the method of proof. The part of the statute which makes the bill a lien against the lot of ground, also establishes the right to interest. This court holds that this taxbill is a valid lien on the lot. St. Joseph v. Forsee, 84 S. W. 98; St. Joseph v. Forsee, 84 S. W. 1138, s. c. 110 Mo. App. 237. And if a valid lien on the lot, then the command of the statute is, "and shall bear interest at the rate of," etc. R. S. 1899, sec. 5686. (3) The only thing that prevented the bill from being *prima facie* evidence of the liability of defendant was its failure to contain her name. St. Joseph ex rel. v. Forsee, 84 S. W. 98; Vieths v. Planel P. & F. Co., 64 Mo. App. 207; Construction Company v. Loevy, 64 Mo. App. 430; Farrell v. Rammellkamp, 64 Mo. App. 425. (4) But this question has been settled in this State, and in such a way that must call for a reversal of this judgment. This very question was squarely presented and decided by this court. Galbreath v. Newton, 45 Mo. App. 323; St. Louis v. Denoue, 44 Mo. 139.

*James F. Pitt* for respondent.

(1) The lower court in rendering its judgment followed the ruling and decision of this court in St. Joseph v. Forsee, 84 S. W. 1138. (2) Appellant lays much

stress upon the fact of demand, and seems to think, and in fact asked the court so to instruct, that he was entitled to at least six per cent from the time of this demand. This theory involves a total misconception as to his rights in the premises. The statute here (section 5686) makes no provision for such, or any, demand. (3) The reasoning of this court and the authorities cited in the Gibson case, 84 S. W. 1138, appear to be perfectly satisfactory and to leave nothing further to be said on the subject of this appeal.

JOHNSON, J.—Action upon a special taxbill issued under the provisions of Revised Statutes 1899, section 5686, on account of the construction of a sewer in the city of St. Joseph. The bill, when delivered to the contractor on February 2, 1901, stated that Amanda Corby was the owner of the property charged with the lien. Mrs. Corby died in 1899, and on the date of the bill and thereafter the defendant, Zeilda Forsee, was the owner of the property by inheritance from her. When the bill was issued, neither the city engineer nor the contractor knew of the death of Mrs. Corby, and her name was inserted as owner because she appeared as such in the public records, but within thirty days after he received the bill the contractor made verbal demand upon defendant, as owner, for payment. His demand was refused and this suit was brought by the contractor on April 14, 1902, against defendant as owner by inheritance from Mrs. Corby. No amendment of the taxbill was made to state the name of the real owner, but nevertheless, at the first trial of the cause, the taxbill was received as prima facie evidence of its recitals and plaintiff recovered judgment thereon. Defendant appealed to this court and we reversed the judgment and remanded the cause for another trial upon the ground that, as the taxbill failed to show upon its face defendant's ownership of the property, it could not be received as prima-

facie evidence against her. [St. Joseph v. Forsee, 110 Mo. App. 127.]

At the second trial, defendant admitted all of the allegations of the petition and that plaintiff had demanded payment of defendant within thirty days after the bill was issued. The taxbill was not offered in evidence and no amendment thereof was made; therefore, the name of defendant does not appear in that instrument as the owner of the property. Under these admissions, the court gave plaintiff judgment for the face of the bill, but, following our opinion in the case of St. Joseph v. Forsee, 110 Mo. App. 237, refused to enforce any penalty against defendant. From this judgment plaintiff appealed and is insisting that he should have been allowed, under Revised Statutes 1899, section 5686, interest upon the principal sum at the rate of ten per cent per annum from thirty days after the date of the issue of the bill for a period of six months, and thereafter at the rate of fifteen per cent per annum. The fact that a demand for payment was made of defendant is greatly relied upon as an aid in fixing a liability upon her for this interest, so called, and plaintiff seems to think that the opinion of the Supreme Court in the case of Barber v. Peck, 186 Mo. 506, 85 S. W. 387, makes this fact determinative of the question before us. Plaintiff misunderstands that opinion. The penalty (inaccurately termed interest) was allowed there from the date of the demand made upon the real owners because the law, under which the taxbill was issued, provided that the penalty should run from the date of demand. Section 5686 contains no such provision, but imposes the penalty regardless of demand for payment. Therefore, demand in cases falling within its purview has no bearing upon the right to enforce the penalty. The failure of the owner, against whose interest in the land the taxbill has been lawfully and regularly issued, to pay it

115 app—33

within thirty days from the date of issue *ipso facto* starts the penalty to running, and for that reason it is necessary that the record should constructively advise an owner of the fact that his interest in the land is being charged with the lien of the taxbill before he is punished as for a breach of duty.

The Peck case, instead of being an authority favoring the contention of plaintiff, follows the principles that controlled our decision in the Gibson case. It is held that the "interest" fixed by the statute is not interest at all, that is to say, it is not a consideration provided for the use of money, but it is a penalty inflicted as a punishment for the breach of a duty. And further the right to enforce the penalty by demand made during the time the taxbill failed to show the names of the real owners against whom the suit was afterwards brought, was denied, notwithstanding the demand was made upon one of the owners, who at the time was acting as the executor of the estate, stated in the taxbill to be the owner. A few days before the suit was brought against the real owners, their names were by amendment inserted as owners in the taxbill, but although the Supreme Court recognized the doctrine of relation, it refused to apply it in that case, saying: "While it was competent to amend the taxbill, this amendment did not relate to the demand on Stephen Peck, as executor, so as to place them in default at a time when no taxbill existed against them."

Penalties are not favored by the law and it may be stated as an axiom that one may not enforce a penalty until he has himself met every requirement necessary to put his adversary in the wrong. Plaintiff thinks that in fulfilling all of the requirements necessary to give him a lien upon defendant's land for a proportional cost of the construction he has done all required of him for the enforcement of his penalty, but this is not so. His right to a lien arises from the fact that he has, in the

manner prescribed by law, conferred a benefit upon defendant's land, but his right to a penalty depends upon an entirely different thing—defendant's breach of duty; and in order to fasten a duty upon defendant, it was essential that plaintiff should take one more step beyond those required for the establishment of his lien for the cost of the construction. He was burdened with the task of seeing to it that the person, against whose interest he sought to enforce his lien, was named in the bill as owner. This, he has never done, and because of his own inertness, defendant is not at fault and should not be punished.

It follows that no error was committed in excluding the penalty, and accordingly, the judgment is affirmed. All concur.

