## City of Harrisburg v. Greene et ux.

*Mark T. Milnor* and *Thomas R. Wickersham*, for petitioner.

*Paul G. Smith*, city solicitor, for the City of Harrisburg.

Fox, J., November 3, 1933.—We have before us a rule granted upon the City of Harrisburg to show cause why the claim for paving and curbing a part of Twenty-fourth Street, filed against property known as 2404 Derry Street, Harrisburg, should not be declared invalid.

The substance of the petition is that an ordinance of the City of Harrisburg passed August 4, 1931, authorized the pavement of said part of Twenty-fourth Street with sheet asphalt and its curbing; that the said improvement was completed November 25, 1931; that at the time of the passage of the said ordinance and the completion of said work, the said lot, known in this case as 2404 Derry Street, beginning at a point on the north side of Derry Street, 50 feet east of

the northeast corner of Derry and Twenty-fourth Streets, thence eastwardly a distance of 20 feet and then northwardly with that width a distance of 125 feet to Raleigh Street, had erected thereon a dwelling house fronting on Derry Street; that immediately west of the last-mentioned lot was a vacant piece of land fronting 50 feet on Derry Street and extending northwardly along Twenty-fourth Street with the said width of 50 feet to Raleigh Street, both parcels of land being then owned by Charles A. Greene and Daisy M. Greene; that William D. Gordon, receiver of Mechanics Trust Company, purchased said premises 2404 Derry Street at a sheriff's sale on January 5, 1933, and received a sheriff's deed therefor; that on May 12, 1932, the City of Harrisburg filed its municipal claim for the paving and curbing of the said Twenty-fourth Street, embracing therein 70 feet fronting on Derry Street and with that width running northwardly along Twenty-fourth Street to Raleigh Street, 125 feet; that the lien should apply only to the said 50-foot tract running northwardly along the said Twenty-fourth Street 125 feet and not to the 20-foot lot 2404 Derry Street immediately to the east of the said 50-foot tract of land.

The answer filed to the rule admits the first six paragraphs of the petition, and in the seventh paragraph it is contended that the lien is not only on the lot fronting on Twenty-fourth Street 125 feet, but is also a lien on the property known as 2404 Derry Street, for the reason that the usual depths of properties of the same kind and character in the particular neighborhood is 100 feet and that the property described in the municipal claim in question includes the whole contiguous property and has a depth of but 70 feet from Twenty-fourth Street.

By reference to the said ordinance, it appears that the expense of the said improvement shall be paid by the levying of assessments on the abutting properties and, as appears from the claim filed, the amount of the assessment levied on the whole of the above described lots was $555.32, with interest from January 25, 1932.

Our records disclose that the said Greene and wife did not join in the petition for the improvement; that the lots in question were laid out according to a plan recorded in plan book F, page 25, on which plan the lots front on Derry Street and not on Twenty-fourth Street, and each lot is 20 feet in width and therefore the only lot that abuts on Twenty-fourth Street is lot no. 1, as shown by the said plan, having a width of 20 feet. The land on which the house known as 2404 Derry Street is built is part of lots number 3 and 4 of said plan.

The word "abuts" means: "To touch at the end; be contiguous; join; at a border or boundary; terminate; to end at; to border on; to reach or touch with an end." 1 Words and Phrases (3d ed.), 52.

Said lots number 3 and 4 are not lots abutting on Twenty-fourth Street. The city is attempting to change the plan of lots, making them front on Twenty-fourth Street and run eastwardly. This we are of the opinion it cannot do.

In the case of El Paso Bitulithic Co. v. Neill, 266 S. W. 593, an attempt was made for the purpose of assessment for the improvement, as in this case, to face the lots on another street, and they were so assessed. The court, at pages 593 et seq., said: "The next irregularity in the assessment is that both lots 11 and 12 were assessed whilst 11 only abutted upon the street paved, and only such 'lots or pieces of ground abutting upon the portion of the street to be paved' may by section 58 of the city charter be charged with the costs of the improvement.

"But appellant says that these two lots could be faced the other way and for that reason could be assessed as abutting property. That this could be done is not sufficient, but if in fact the lots had been used as one lot by the owners in

318

disregard of the lot lines, as platted, and made a part of the city, and this had been alleged and proven, it may be that such acts would constitute both lots 'abutting property,' otherwise not. Barber Asphalt Pav. Co. v. Peck, 186 Mo. 506, 85 S. W. 387; City of Springfield v. Green, 120 Ill. 269, 11 N. E. 261. The proof in this case is that there were 10 vacant or unimproved lots owned by the heirs of H. H. Neill at the time of the assessment. See Halsell v. Ferguson, 109 Tex. 144, 202 S. W. 317."

We have no proof in the instant case that the owner treated 2404 Derry Street as a part and parcel of the 50-foot plot on the west, but on the contrary it is obvious that 2404 Derry Street was not treated as fronting or abutting on Twenty-fourth Street for the reason that the house fronts on Derry Street.

Wherefore we are of the opinion that 2404 Derry Street cannot be subjected to this claim, and the city, not having taken judgment, is not entitled to it.

And now, November 3, 1933, upon due consideration, the rule, in so far as the said claim relates to the said property known as 2404 Derry Street, being 20 feet in width on Derry Street and extending northwardly with that same width, is made absolute at the cost of the claimant.

From Homer L. Kreider, Harrisburg, Pa.