THOMAS, *et al.*, *Appellants*, v. CHAPIN, *Collector*.

### Division One, June 5, 1893.

**Revenue Law:** DIRECTORY PROVISIONS: VALIDITY OF TAX. Requirements of the revenue law which do not affect the rights or interests of the tax payer, but are intended simply for the purpose of securing system and convenience in the performance of the public business (*e. g.* that the tax book be contained and bound in one volume) are merely directory, and a literal compliance therewith is not essential to the validity of the tax.

*Appeal from Howell Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*James Orchard* for appellant.

(1) The tax book is the warrant or execution for the collector, and under which he acts, and must show all the jurisdictional facts to make it a valid warrant. (2) There must be an assessor's book made out by the county assessor, the first part to be known as the real-estate book, and the second part to be known as the personal book, and then must be verified by the assessor. Revised Statutes, 1889, secs. 7552, 7553, 7571. (3) The tax books shall be made out by making a fair copy of the assessor's books, which would mean all the real and personal property be copied into one book, and also the verification of the assessor, as it would not be a copy without. Revised Statutes, 1889, sec. 7576. (4) The tax book must show that the assessment was properly made, or else it is void. (5) We contend that the county clerk could no more divide the tax books up into two parts than the assessor

could the assessor's book, and when the law speaks of tax book it means one, and not the books. *State ex rel. v. Cook*, 82 Mo. 185. (6) It appears that the law-making powers of the state had the same ideas of the law that we are contending for here; that is, that county clerk or county court could not divide up the tax books in different parts, and in order to remedy the defect and give them such authority they passed a law, as will appear by reference to session acts of 1891, page 192, giving county court the right to divide up the books in two or more parts, but this must be done by order of court entered of record. (7) Where it is gathered from a later act of the legislature that the legislature attached a certain meaning to an earlier cognate one, this would be as a legislative declaration of its meaning. Endlich on the Interpretation of Statutes, secs. 365, 366, and notes and authorities cited.

*Olden & Orr* for respondent.

(1) Even conceding the revenue law contemplates that the assessors' list of real and personal property shall both be in one book and that the copy prepared by the county clerk should both be in one book, yet such requirement is only directory and its non-observance does not affect the validity of the taxes. *French v. Edwards*, 13 Wall. 506, 511; Cooley on Taxation, pp. 215, 216; *Terry v. Mulbery*, 21 Pick, 64. (2) There is no provision of the statute requiring any particular form for the clerk's certificate to the school tax book, and since it is admitted that it was the school tax book for the year 1890, it will be presumed that it was based on the last "annual assessment for state and county purposes," as required by section 8067, Revised Statutes, 1889, since "the presumption is that public

officers do as the law and their duty require them."
Lawson on Presumptive Evidence, p. 53, rul. 14;
*Baker v. Underwood*, 63 Mo. 384; *Chandler v. Bailey*,
89 Mo. 641; *Henry v. Dulle*, 74 Mo. 443.

BRACE, J.—This is an action of replevin instituted
by the plaintiff against the collector of Howell county,
to recover certain personal property levied upon for
taxes. The judgment of the trial court was for the
defendant and the plaintiff appeals.

There is no dispute about the facts, and the only
question in the case can be decided upon the instruc-
tions.

For the plaintiff the court gave the following
instruction: "The court declares the law to be that
the Revised Statutes of 1889, only authorized *one
assessment book*, and that the same must be bound in one
volume. The first part to contain the land list and the
second part to contain the personal list; and the same
must be verified by the assessor."

And refused to give the following:

"The court declares the law to be that under the
revenue law of 1889, *the tax book* must be contained
and bound in one book or volume, and must be a true
copy of the assessor's book, containing description of
the property contained in the assessor's book, and
also the affidavit of the assessor as contained in the
assessor's book. And in this case if the tax book is
bound in two parts, both of which are certified to be
a true copy of the assessor's book, then the same is
invalid and are irregular on their face, and would not
authorize a levy by the collector, and the finding
should be for the plaintiff."

The contention of the appellent is that the levy of
the collector is invalid for the reason that the *tax book*
was bound and certified to in two volumes and not in

one book or volume as contemplated in the revenue act. Conceding for the sake of the argument in this case only, without, however, so ruling, that the tax book contemplated in the revenue act is a book of a single volume with one certificate, and not a book of two volumes with two certificates, it is hard to conceive of any act in the procedure for the collection of taxes, duly levied, and properly certified, that would be of less interest to the tax-payer than the question whether the evidence of the amount thereof was contained within the two lids of one book, or the four lids of two books. Requirements that do not affect the rights or interests of the tax-payer but made simply for the purpose of securing order, system and convenience in the dispatch of the public business are directory in their character—a literal compliance with which is not essential to the validity of the tax. Cooley on Taxation [2 Ed.], pp. 283, 284; *French v. Edwards*, 13 Wall. 506, 511. The judgment is affirmed. All concur.