PHILIP F. STIFEL et al., Appellants, v. CAMILLA S. MACMANUS, Respondent.

St. Louis Court of Appeals, April 12, 1898.

1. Construction of Ordinances City of St. Louis: SPECIAL TAX BILL.    The ordinance of the municipal assembly of the city of St· Louis number 18,642 relative to the grading, curbing and paving of Sarah street, between Laclede avenue and Olive street, in the city of St. Louis, read in connection with section 1278 of the revised ordinances of the city of St. Louis, 1889, must mean that the intention and purpose was to provide only for the making of such improvements as were properly taxable against the adjacent property owners.

2. ——: ——: INSTRUCTION.    An instruction is erroneous which is based on the theory that said ordinances contemplated the completion of the work on the entire street before a tax bill could be collected from an adjacent owner.

3. ——: ——: ——: NOTICE TO DEFENDANT. The city: council has the power to determine the character and extent of street improvements, and the charter does not require the entire width of a street to be paved, and only contemplates and includes that portion of the street on each side of the railroad track, and the resolution and ordinance impart notice to the defendant of the extent of the improvements.

4. —— : ——: ——: RIGHTS OF CONTRACTOR. The contractor who has paved the street on each side of the railroad track ought not to be denied the right to enforce his tax bill, by reason of the neglect of the city to perform its duty by enforcing the obligation of the railroad company.

5. ——: ——: ——: INTEREST ON SPECIAL TAX BILL: NOTICE OF DEMAND. To entitle the holder of a tax bill to penal interest the demand for payment must be personal.

Appeal from the St. Louis City Circuit Court.—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

LEVERETT BELL for appellants.

The plaintiffs are entitled to judgment as prayed in the petition. 2 R. S., p. 2133; Rev. Ord. of 1893, sec. 1278; Bank v. Haywood, 62 Mo. App. 550; Springfield v. Weaver, 137 Mo. 650; Farrar v. St. Louis, 80 Mo. 392. Payment of the special tax bill was duly demanded on January 2, 1897, and plaintiffs are entitled to interest thereon at fifteen per cent per annum from and after said day. 2 R. S., p. 2125; Eyermann v. Provenchere, 15 Mo. App. 271; Bambrick v. Campbell, 37 Mo. App. 460.

SIM T. PRICE for respondent.

The actions of the trial court in refusing to give appellant's instruction number 1, giving respondent's instruction and rendering its judgment for respondent, were correct. Ord. 18,462, Rev. Ords. of St. Louis

1893, sec. 1278; Moran v. Lindell, 52 Mo. 229; Construction Co. v. Loevy, 64 Mo. App. 437; Independence v. Gates, 110 Mo. 374. The action of the trial court in refusing to give appellant's instruction number 2 was correct. Eyermann v. Provenchere, 15 Mo. App. 271; Bambrick v. Campbell, 37 Mo. App. 460; Berthold v. Reyburn, 37 Mo. 597; 5 Am. and Eng. Ency. of Law, pp. 527, 528e.

BIGGS, J.—By ordinance number 18,462, the municipal assembly of the city of St. Louis directed the board of public improvements to cause Sarah street, between Laclede avenue and Olive street, to be graded, curbed and paved. By section 4 of the ordinance the cost of curbing and paving, "except so much thereof as the railway company having tracks on the street is by law obligated to pay, shall be charged as a lien upon the adjoining property fronting or bordering on the improvements herein provided for, and shall be paid by the owners thereof. When said work is completed, the president of the board of public improvements shall compute the cost thereof, and levy and assess the same as a special tax against each lot of ground chargeable therewith," etc. By section 1278 of the revised ordinances of 1893, then in force, it is provided that "whenever, by authority of an ordinance of the city, the carriageway of any street upon which one or more railway tracks are laid, is to STATEMENT.     be constructed, or reconstructed, the street commissioner shall notify the railroad company whose track is laid on said street to construct or reconstruct in like manner and with the same kind of material as specified in said ordinance, the space between the rails and the space between the tracks where there is a double track or more, and twelve inches outside of each rail, provided, however, that a

better material may be used between the rails if approved by the street commissioner, and said work shall be executed and completed as rapidly as the street improvement is executed and completed," etc. At the time ordinance number 18,462 was passed, the St. Louis and Meramec Railroad Company owned and operated a double track street railroad on that portion of Sarah street which was to be improved. The contract for the work provided by ordinance number 18,462, was let to the plaintiffs. Acting under the orders of the street commissioner, they completed the work, except that portion lying between the tracks of the street railroad. The defendant is the owner of a lot fronting on the improvements. The president of the board of public improvements issued and delivered to the plaintiffs a special tax bill against the lot belonging to the defendant for its proportionate part of the cost of the work. At the time the tax bill was issued the railroad company had not completed the construction of that portion of the street lying between its tracks. The present action is to enforce the tax bill. The defense was that the ordinance contemplated and provided for the improvement of the *entire* roadway of the street, and that therefore the issuance of the tax bill was premature, as it is undisputed that at the time it was issued the street railroad company had not performed the work required of it by section 1278, *supra*. The cause was submitted to the court without a jury, and the finding and judgment were for the defendant. The plaintiffs have appealed. The circuit court gave the following declaration of law, to which the plaintiffs excepted:

"The court declares the law to be that if the court believes and finds from the evidence, that the portions of Sarah Street between Olive and Laclede avenues

lying between the rails of the double tracks of the St. Louis and Meramec Railroad Company, were embraced in ordinance No. 18,462, and were a part of the work by said ordinance required to be done, and that at the time of the issuing of the special tax bill in suit and at the time of filing this suit, said portions of Sarah Street lying between the rails of the double tracks of said St. Louis and Meramec Railroad Company had not been done or completed, then said special tax bill was prematurely issued and no suit can be maintained thereon and the court will find a verdict for defendant.'' As indicated by the judgment, the court was of the opinion that the work provided for by ordinance number 18,462, included the *entire* roadway of the street, and that as it was conceded that that portion of the street between the railroad tracks was not finished, the issuance of the tax bill was premature. This construction of the ordinance we believe to be unwarranted. Reading the ordinance in connection with section 1278, *supra*, the conclusion must be that the intention and purpose was *to provide only for the making of such improvements as were properly taxable against the adjacent property owners.*

CONSTRUCTION of city ordinances. We have been unable to distinguish this case from that of Springfield v. Weaver, 137 Mo. 650. In that case the city council adopted a resolution declaring generally that a necessity existed for paving a certain street. This preliminary resolution was required by a general ordinance; which ordinance also defined the manner in which the paving of the streets should be done. It provided that streets should be paved from the outside gutter lines to the center of the street at the cost of the landowners, except in cases where the streets should be occupied by street railways the pavements between the tracks were required to be constructed by the railroad companies. The contention there (as here) was that

the resolution contemplated the improvement of the *entire* carriageway of the street, and that as the railroad company had failed to pave between the tracks of its road, the adjacent landowners could not be compelled to pay until this was done. The point was ruled adversely to the landowners. The supreme court held that the city council had the power to determine the character and extent of street improvements, that the charter did not require the entire width of a street to be paved, and that when the resolution and ordinance were read together it was clear that the resolution only contemplated and included that portion of the street on each side of the railroad track, and that the resolution and ordinance imparted notice to defendant of the extent of the improvements. And the court also held that the contractor who had paved the street on each side of the railroad track ought not to be denied the right to enforce his tax bill, by reason of the neglect of the city to perform its duty by enforcing the obligation of the railway company, nor should the contractor be made responsible for the unsightly and inconvenient condition in which the street was left by reason of the unpaved track of the railway. In support of the judgment the defendant relies on the case of Construction Co. v. Loevy, 64 Mo. App. 430, a case which presents an essentially different state of facts. In that case there was no question as to the extent of the work to be performed by the city. The ordinance provided for the construction of the street in its entirety and at the expense of the adjacent property owners. The city undertook to do the entire work, and we held that a landowner could not be compelled to pay for a portion of it until the whole was completed. It is provided in section 25, article 6, of the city charter (2 R. S. 1889, p. 2125), that if a special tax bill is not paid within six months after demand, it shall draw interest at the rate

of fifteen per cent per annum from the date of said demand. It was averred in the petition that on the second day of January, 1897, a demand was made on the defendant for the payment of the tax bill. The testimony is that on that day one of the plaintiffs called at the residence of the defendant with the tax bill and asked for her, and was informed by a servant that she was ill and confined to her bed; that the tax bill was delivered to the servant with the request that she take it to the defendant for payment; that the servant disappeared and returned with the tax bill, saying that plaintiffs should present it to defendant's son. To entitle the holder of a tax bill to penal interest the demand must be personal. Whether in this case the servant actually presented the bill to defendant for payment, was not proven. What the servant said, as testified to by the agent of plaintiffs, was mere hearsay. Under this record the plaintiffs could only recover interest from the date of the institution of the suit. For the error pointed out in the instruction given and for the refusal of the court to give the one asked by plaintiffs, which presented the contrary view, the judgment will be reversed and the cause remanded. All concur.