ST. FRANCIS LEVEE DISTRICT OF MISSOURI v. CHARLES DORROH, Appellant.

.Division One, December 31, 1926.

1. **LEVEE DISTRICT: Installment Tax: Notice to Taxpayer: Directory Statute: Penalties.** A valid assessment of an installment tax having been made and entered on the tax book of the levee district, the statute (Sec. 12900, R. S. 1919) requiring the county collector, immediately after receiving the tax book, to give notice of the time and place he will meet the taxpayers and receive and collect their taxes and to attend at the time and place to receive and collect them, is directory, and failure to give the notice or attend upon the place does not excuse the taxpayer from paying the tax levied against his land or relieve him of the penalty for delinquency, even though, after delinquency, he pays the taxes levied, and the suit is only for the penalties. Other sections specifically declare that the taxes become delinquent after December 31st of the year in which levied, and there being no statute declaring that they become delinquent only after notice or demand, the intent or purpose of the statute requiring notice and attendance is to assist or facilitate the prompt and orderly collection of the taxes, and is not to be construed as a hindrance and stumbling-block in the way of a speedy collection.

2. **APPEAL: Tax Book: Omitted from Abstract: Supplied by Supplemental Abstract.** An objection by the appellant that the levee district failed to make out a case in its suit for delinquent taxes because the tax book was not introduced in evidence as the statute (Sec. 4621, R. S. 1919) requires, will be considered abandoned, where, appellant's abstract failing to show the tax book was offered in evidence, the respondent files a supplemental abstract which shows that the original tax book was offered in evidence at the trial and that it was incorporated in the bill of exceptions, and appellant does not question the correctness of the supplemental abstract.

3. **LEVEE TAXES: Penalty.** The power to assess and levy taxes includes the power to adopt such measures as will make their collection prompt and effective; and while it is true that the installment tax levied by a levee district is in the nature of a special assessment for a local improvement and is not strictly a tax or impost levied for revenue or governmental purposes only, its assessment or levy is nevertheless referable to the taxing power of the State, and as a part of the statute providing for levee works and the assessment of benefits upon the lands of the district to pay for them the Legislature properly provided for the levying and collection of a penalty for failure to pay the installment before a fixed date of delinquency.

4. ———: **Penalty of Two Per Cent Per Month: Due Process: Equal Protection.** The statute imposing upon the landowner a penalty of two per cent per month for his failure to pay a levee installment tax before the date fixed by law upon which it becomes delinquent does not deny to him due process of law or equal protection of the laws under either the State or Federal Constitution, although it may appear to arbitrarily impose a penalty upon him regardless of the needs of the district and regardless of the benefits to the lands therein, without giving him an opportunity to be heard in court or otherwise to show the unreasonableness of the penalty.

5. ———: ———: **Excessive Fines.** Assuming, without deciding, that the word "fines" used in Section 25 of Article 2 of the Constitution declaring that "excessive bail shall not be required, nor excessive fines imposed" applies to penalties imposed by statutes for the non-payment of taxes when due, a penalty of two per cent per month for failure to pay an installment tax levied by a levee district before a fixed date is not so unreasonable, unjust or confiscatory as to be considered excessive within the meaning of

the word as there used. To be excessive in that sense it must be so flagrantly oppressive and disproportionate to the benefit as to constitute an abuse by the Legislature of its discretion.

6. ———: **Two Per Cent Monthly Penalty: Special Interest Law.** The penalty of two per cent required by statute to be added each month so long as a tax levied by a levee district remains delinquent and unpaid is not interest, and therefore the provision of the Constitution prohibiting the General Assembly from passing a special or local law "fixing the rate of interest" has no application to the statute.

7. **TITLE: Levee Act of 1913: Taxes: Penalty.** A title declaring that the act repeals certain designated articles of the existing law pertaining to levee districts and their organization, and enacts a new act in lieu thereof, is single, and while general in expressing the purpose of the act, is not misleading, and if the act contains a section imposing a penalty for the non-payment of levee taxes such ancillary section is not inconsistent with the title, though the word "penalty" is not used therein.

8. **JUDGMENT: Erroneous Default: Petition Confessed.** A judgment reciting that "it is ordered by the court that the petition of plaintiff against defendant be taken as confessed," but further reciting that the parties appeared, that the cause was taken up and submitted to the court for trial and that the court heard the evidence, is not a judgment by default, and the clause stating that the petition is taken as confessed should be treated as surplusage.

9. **LEVEE TAXES: Collector's Commission: Suit: Costs.** In a suit against a landowner to collect delinquent levee taxes a commission to the county collector cannot be taxed against the delinquent landowner as costs in the case. He is entitled to retain a commission of two per cent for the delinquent taxes he collects, but the meaning of the statutes (Secs. 4616, 4619, 4620, R. S. 1919), is that his commission, when the taxes and penalties are collected, is a charge against the district.

10. ———: **Attorney's Fee: Taxed as Costs.** In a suit brought by a levee district against a landowner for delinquent levee taxes and the penalties, or for the penalties alone, a reasonable fee in favor of the attorney who brings the suit may be taxed as costs, and a fee equal to ten per cent of the amount of the tax and penalty is not unreasonable.

11. ———: **Interest on Judgment.** The rate of interest which a judgment for delinquent levee taxes and penalties may bear is six per cent, and not ten per cent.

12. ———: **Judgment against All Tracts.** In a suit for delinquent levee taxes levied against twenty separate tracts of land of forty acres each, a judgment making the aggregate amount of the taxes or penalties a special lien against each tract is erroneous. The judgment for the taxes, penalties and costs can constitute a lien only upon the particular tract "against which such taxes are levied."

Corpus Juris-Cyc. References: Appeal and Error, 4 C. J., Section 2089, p. 407, n. 97 New. Constitutional Law, 12 C. J., Section 926, p. 1177, n. 21; Section 1064, p. 1264, n. 34, 35, 36. Fines, Forfeitures and Penalties, 25 C. J., Section 10, p. 1152, n. 79 New; Section 75, p. 1180, n. 23. Interest, 33 C. J., Section 113, p. 228, n. 89. Judgments, 34 C. J., Section 418, p. 196, n. 75; Section 804, p. 506, n. 63. Levees and Flood Control, 36 C. J., Section 53, p. 1015, n. 27; Section 55, p. 1016, n. 47; Section 72, p. 1023, n. 20 New; Section 73, p. 1024, n. 24; Section 80, p. 1026, n. 74 New. Statutes, 36 Cyc., p. 1026, n. 13; p. 1029, n. 25. Taxation, 37 Cyc., p. 1542, n. 43, 45, 46.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED (*with directions*).

C. G. *Shepard* and *Hope & Hope* for appellant.

(1) Plaintiff's cause of action is strictly one to enforce a penalty; therefore, everything necessary to be done by plaintiff in order to place the defendant in default must affirmatively appear from the record in the case. Plaintiff, in its petition stated ''that the Collector of the Revenue, within the time and in the manner prescribed by law, did give notice to the taxpayers of said county of the time and place and when and where he would meet them to receive their taxes, and, in accordance therewith, attended at such times and places and thereafter did demand of the defendant the payment of said installment tax,'' as provided by Sec. 12900, R. S. 1919. The evidence conclusively shows that neither the statute nor the allegations in plaintiff's petition were complied with. 30 Cyc. 1358; Nat. Lumber Co. v. Burrows, 284 S. W. 153; Trimmer v. Rennien, 141 Pac. 784; Miller v. State, 173 Pac. 67; City Nat. Bank v. Gayle, 155 Pac. 552. (2) The collector is ''directed and ordered'' by the statute relating to levee taxes (Sec. 4617, R. S. 1919) ''to demand and collect such taxes at the same time that he demands and collects state and county taxes due on the same lands and properties.'' The collector not only failed to give the notice required by Section 12900, but notwithstanding the imperative mandate of the levee tax law to demand the taxes, he made no demand of any sort upon defendant for payment of the alleged levee taxes. Such requirements in a tax statute are conditions precedent which must be fully and strictly complied with before the taxpayer can be assessed with any penalty. 37 Cyc. p. 1544, c and 4; 3 Cooley on Taxation (4 Ed.) secs. 1273, 1393, 1396; 2 Cooley on Taxation (4 Ed.) sec. 511; Paving Co. v. Peck, 186 Mo. 506; Lagroue v. Rains, 48 Mo. 536; Perkinson v. Schnaake, 108 Mo. App. 255; St. Joseph v. Forsee, 110 Mo. App. 237; Stifel v. McManus, 74 Mo. App. 558; Early v. Doe, 16 How. (U. S.) 610, 14 L. Ed. 1079; Chanton v. Spear, 22 Vt. 388. (3) In actions to recover penalties the pleadings are construed with the same strictness that indictments are. 30 Cyc. 1352. (4) The amount of the penalty that should be assessed against property owners for failure to timely pay their taxes is within the discretion of the Legislature, within reasonable limitations. 37 Cyc. 1542. (5) Penalty, when assessed against a property owner for failure to promptly pay his taxes, is synonymous with ''fine,'' and the declaration in the Constitution that ''fines'' shall not be excessive makes it a question for the court to decide whether, under the facts of the particular case, the penalty sought to be enforced is excessive and violative of this provision of the Constitution. Sec. 25, Art. 2, Mo. Constitution; State v. Ry. Co., 97 S. W. 78.

(6)    The judgment as entered by the court calls for interest thereon at the rate of ten per cent per annum. This is error because as a general rule penalties do not bear interest. 3 Cooley on Taxation (4 Ed.) p. 2541; State ex rel. v. Howe Scale Co., 203 Mo. App. 355; Cumberland Ry. Co. v. State, 92 Mich. 668. If interest were allowable on such a judgment, it should never exceed six per cent per annum. Granite Paving Co. v. Parkview Inv. Co., 168 Mo. App. 468; St. Louis v. Allen, 53 Mo. 44; St. Joseph v. Gibson, 110 Mo. App. 243.    (7) The judgment is further erroneous in the allowance of a fee for plaintiff's attorneys, because there is no authority in law for such an attorney's fee. The suit is for the two per cent per month penalty; no taxes are sued for. It is only for collecting the taxes that an attorney's fee can be allowed and taxed as costs. Sec. 4620, R. S. 1919. The attorney's fee is an additional penalty and not recoverable in the absence of plain statutory provision therefor. It is governed by the rule that "penalties are never extended by implication. They must be expressly imposed or they cannot be enforced." Elliott v. East Pa. Co., 99 U. S. 573.    (8)    For the same reasons the allowance in the judgment of $4.05 to the county collector is error.    (9)    The judgment is further erroneous on its face in that it adjudges the aggregate amount of the two per cent penalties for both the years 1920 and 1921 to be a special lien against each of the twenty different tracts of land. St. Louis v. Allen, 53 Mo. 48.    (10)    Defendant's declaration declaring that the penalties assessed in the legislative enactment creating the plaintiff district of two per cent per month on unpaid taxes due the district is unreasonable, unjust and confiscatory, and plaintiff should not be permitted to collect the penalty, and that "the finding of the court should be for the defendant," should have been given. The assessment against the defendant's land for the benefit of the plaintiff district is not, in fact, a tax, but is a betterment assessment, and the penalty of two per cent per month, arbitrarily assessed by the Legislature against all delinquent landowners within the district, is harsh in the extreme, of doubtful propriety, even more rigorous than the penalty assessed against taxpayers delinquent in their state and county taxes.    (11)    No constitutional provision authorizes the penalty assessed by the Legislature in behalf of the levee district. It leaves nothing to the judgment of the officers of the district, or to the people forming the district, but arbitrarily says there must be collected on all delinquent assessments two per cent per month. There are times when such a penalty is confiscation.

*Ward & Reeves* for respondent.

(1)    There is no merit in appellant's contention that the collector did not give notice to the taxpayers of the county of the time and the

place when and where he would meet them to receive their taxes. Such notice is required by the general revenue laws of the State for the collection of the State and county taxes, and has no application in the collection of levee taxes. But if the collector of revenue did fail to perform his duty in that respect, the defendant could not take advantage of that fact, since he knew that his taxes were due. Secs. 4617, 4618, R. S. 1919. (2) The judgment in this case may be irregular, but the defendant made no objection to the form of the judgment in his motion for new trial, neither did he file a motion in arrest of judgment. If the judgment is irregular, or if it provides for ten per cent interest, when as a matter of law it should only be six per cent interest, then this court will modify the judgment without reversing and remanding the case. Booneville ex rel. v. Stephens, 238 Mo. 359. The judgment for attorney's fee was proper. Sec. 4621, R. S. 1919; Drainage Dist. v. Bates County, 216 S. W. 949. (3) The penalty of two per cent per month on delinquent levee taxes prescribed by Sec. 4618, R. S. 1919, is not unconstitutional. Seaboard Nat. Bank v. Woester, 176 Mo. 62; W. U. Tel. Co. v. Indiana, 165 U. S. 304; Bankers Trust Co. v. Blodgett, 260 U. S. 647; State ex rel. v. Ry. Co., 178 S. W. 444. (4) The amount of penalty to be assessed against a delinquent taxpayer is discretionary with the Legislature. 37 Cyc. 1542; W. U. Tel. Co. v. Indiana, 165 U. S. 304. (5) This act should be liberally construed. Section 4650, R. S. 1919; Drainage Dist. v. Bates County, 216 S. W. 949.

SEDDON, C.—This is a suit for the recovery of the annual installments of levee taxes (or, more particularly, the statutory penalties accruing by reason of the non-payment of said annual installments of levee taxes before the several dates of delinquency thereof) for the years 1920 and 1921, levied and assessed against twenty separate and distinct tracts or parcels of land, owned by defendant and appellant, and to enforce the liens thereof, in accordance with the provisions and requirements of Chapter 28, Article 9, Revised Statutes 1919. In July, 1922, the defendant paid the principal of the annual installments of said taxes then delinquent, but refused to pay the statutory penalties which had accrued thereon after the respective dates of delinquency of said installments. The instant suit was brought to recover the balance, or penalties, due on said installments of levee taxes.

There is no dispute as to the facts. Plaintiff (respondent) is a public corporation, organized and existing under and by virtue of the provisions of Chapter 28, Article 9, Revised Statutes 1919. Defendant's lands were duly assessed and charged with said levee taxes, and the annual installments thereof. Prior to September 1, 1920, the board of supervisors of plaintiff levee district duly determined,

ordered, and levied against defendant's lands, respectively, the amount of the annual installment of the levee taxes for the year 1920, in the aggregate sum of $194.90, and duly certified said annual installment to the Collector of Revenue of Pemiscot County for collection, and, prior to September 1, 1921, said board of supervisors duly determined, ordered, and levied against defendant's lands, respectively, the amount of the annual installment of the levee taxes for the year 1921, in the aggregate sum of $194.90, and duly certified said annual installment to said collector of revenue for collection. The installment levied and assessed against defendant's lands, respectively, for the year 1920 was unpaid on December 31st of that year and thereupon became delinquent and bore a penalty of two per cent per month from said date of delinquency until paid; and likewise the installment levied and assessed against defendant's lands, respectively, for the year 1921 was unpaid on December 31st of that year and thereupon became delinquent and bore a penalty of two per cent per month from said date of delinquency until paid. [Sec. 4618, R. S. 1919.] On July 28, 1922, defendant paid to the Collector of Revenue of Pemiscot County the principal of said installments for the years 1920 and 1921, amounting in the aggregate to $389.80, but refused to pay the accrued penalties thereon, which then amounted to the aggregate sum of $101.33, to recover which latter amount this action was brought.

The petition is in conventional form. Defendant, by his answer, denied generally the allegations of the petition, and asserted that said penalties are unreasonable, unjust and confiscatory, and in contravention of certain designated sections of the Missouri and Federal Constitutions. The cause was tried to the court without the aid of a jury. At the close of all the evidence, defendant presented and requested a demurrer to the evidence, which was overruled, whereupon defendant requested certain declarations of law, nine in number, presenting defendant's several theories of defense and raising the several constitutional questions, all of which were refused by the trial court. Thereupon the trial court entered judgment in favor of plaintiff in the following form:

"Now at this day comes the plaintiff herein by attorneys, Ward, Reeves & Oliver, and the defendant in person and by his attorney, C. G. Sheppard, and both plaintiff and the defendant announcing ready for trial, and each waiving the right of a trial by a jury, this cause is taken up and submitted to the court for trial.

"Wherefore, it is ordered by the court that the petition of plaintiff against defendant be taken as confessed, and all and singular the matters contained in the petition are by the plaintiff submitted to the court, and the court after hearing the testimony, doth find that the defendant is the owner of the real estate described in the petition,

and the court doth further find that there are due and unpaid delinquent taxes, including interest thereon, on each tract of the following described real estate, situated in Pemiscot County, Missouri, for the years and amounts set opposite each tract, viz: [Here follows the descriptions of the twenty separate tracts of land and the amount of tax or penalty due upon each separate and distinct tract.]

"Wherefore, it is ordered, adjudged and decreed by the court that the plaintiff have and recover from the said defendant its special judgment for the said sum of one hundred and one and thirty-six hundredths dollars so found due on the land as aforesaid, with costs of suit, and that this judgment shall draw ten per cent interest from the rendition thereof, and further, that there be levied and collected as other costs in this case, four per cent commission for the Collector, and for Ward, Reeves & Oliver, plaintiff's attorneys, an attorney's fee of ten per cent of the judgment herein collected, and that the aforesaid judgment and costs are a special lien and judgment against said tracts of land respectively, as hereinbefore described, and that plaintiff have execution therefor."

The cause involving the construction of the Constitutions of the United States and of this State, defendant was properly allowed an appeal to this court.

I.    Appellant urges that the evidence discloses that the Collector of Revenue of Pemiscot County failed to give the statutory notice to the taxpayers of said county of the time and place when and where he would meet them to receive payment of the installments of the levee taxes, and did not demand of defendant the payment of said installments of levee taxes. He insists that, inasmuch as plaintiff's action is strictly one to enforce a penaty for non-payment of the installments when due, and inasmuch as penalties are not favored by the law, therefore every act required by the statute to be done by plaintiff, or by the officers charged with the collection of the levee taxes, or annual installments thereof, in order to place defendant in default must affirmatively appear from the record in the cause. The Collector of Pemiscot County testified:

**Notice: Directory Statute.**

"Q. Mr. Kersey, as collector of the St. Francis Levee District, did you give notice to the taxpayers within the district that you would meet them at certain places at certain times for the purpose of collecting these taxes? A. No, sir; he [defendant] lives here and it was not necessary.

"Q. You gave no notice to taxpayers owning land in the part of the district embraced in this county that you would meet them at certain times and at certain places for the purpose of collecting these levee taxes? A. No, sir."

In support of his contention, appellant relies upon the provisions and requirements of Sections 4617, 12900 and 12902, Revised Statutes 1919. The pertinent portions of those sections of the statutes are as follows:

"Sec. 4617. It shall be the duty of the collector of revenue of each county in which lands or other property of any levee district organized under this article are situate, to receive the 'levee tax-book' each year and he is hereby empowered and it shall be his duty to promptly and faithfully collect the tax therein set out and to exercise all due diligence in so doing. He is further directed and ordered to demand and collect such taxes at the same time that he demands and collects state and county taxes due on the same lands and other properties. . . .

"Sec. 12900. It shall be the duty of the collectors of revenue of the several counties of the State, immediately after the receipt of the tax books of their respective counties, to give not less than twenty days' notice of the time and place at which they will meet the taxpayers of their respective counties, and collect and receive their taxes; said notice shall be given by posting up at least four written or printed handbills in different parts of each municipal township in said counties, and by publication for two weeks in a newspaper, if one be published in the county, in which he shall notify said inhabitants to meet the collector at such places in their respective townships as may be named therein, and the number of days (not less than three) that he will remain at each of such places for the purposes aforesaid; and it shall be his duty to attend at the time and place thus appointed, either in person or by deputy, to receive and collect such taxes: *Provided,* the county court may relieve the collector from visiting any municipal township in his county by an order of record to be made before notice under the provisions of this section is given." (The record herein shows no order of the County Court of Pemiscot County of record relieving the collector from an observance of the provisions of the aforesaid section.)

"Sec. 12902. The taxpayers of each township in said counties shall meet such collector at the time and place appointed by such notice, and pay such taxes as may be due against them."

Under Section 4618, Revised Statutes 1919, levee taxes, or annual installments thereof, become delinquent after December 31st of the year for which said taxes are levied. Under Section 12906, Revised Statutes 1919, state and county taxes become delinquent after the first day of January next ensuing after the levy of such taxes. Thus it appears that the date of delinquency of levee taxes, or annual installments thereof, is coincident, or practically so, with the date of delinquency of state and county taxes. In passing, it might be noted that the date of delinquency of such levee taxes, or annual

installments thereof, is precisely and definitely fixed by the statute, and is not dependent whatsoever upon the giving of any notice to the taxpayer or the making of a demand upon him for payment of such taxes.    It might also be stated that appellant does not challenge herein the validity of the assessment of special benefits made against his respective lands, nor does he challenge the validity of the levee taxes (based upon such special benefit assessment) or the levy of the annual installments thereof; in fact, he has apparently recognized their validity by making payment of the principal of said annual installments.

Learned counsel for the respective parties herein have not directed our attention to any decision of this court, or of the several courts of appeals, construing the particular sections of the statute above cited and relied upon by appellant, and we ourselves find none.   While we are aware that similar statutes have been held to be mandatory in a few jurisdictions, yet we are persuaded that the above cited sections of our own statute are merely directory.   This court, in a long line of decisions, has held that other, and somewhat similar, sections of our statute on taxation and revenue are merely directory, when it is shown that a valid assessment has been made and entered upon the tax-books.   [State ex rel. v. Bank, 120 Mo. 161; Thomas v. Chapin, 116 Mo. 396; State ex rel. v. Hutchinson, 116 Mo. 399; State ex rel. v. Phillips, 137 Mo. 259; State ex rel. v. Bank, 144 Mo. 381; and State ex rel. v. Carr, 178 Mo. 229.]

In State ex rel. v. Wilson, 216 Mo. 1. c. 287, we said: ''This court has many times held that, when an assessor makes out his assessor's books, jurisdiction attaches and the rest of the proceedings are only directory.   [Citing authorities.]   The broad principle announced and underlying all of these cases is, that when a valid assessment is shown, its entry upon the tax-book and the failure of the property-owner to pay it when due, a good cause of action is made out, and that all other requirements and proceedings are mere formalities and intended to assist and facilitate the collection of the taxes, and are not intended to be stumbling blocks and hindrances thrown in the way of a speedy collection of them.''   To like effect is State ex rel. v. Dungan, 265 Mo. 353.

In Noland v. Busby, 28 Ind. 154, a somewhat similar statute was held to be merely directory.   Said that court: ''The statute makes it the duty of the treasurer on receipt of the duplicate, forthwith, to 'cause notice to be posted up at the court-house door, and in three other public places in the county, and to cause the same to be published in some newspaper having general circulation in his county, if any there be, for three weeks successively, stating in such notice the amount of tax charged for state, county, school, road or other purposes, on each one hundred dollars valuation of the taxable prop-

erty; and also the tax on each poll for state, county and other purposes.' . . . If a valid assessment and levy had been made of the taxes and a proper duplicate thereof made out and placed in the hands of the treasurer for collection, his failure to give the notice would not invalidate the tax, or prevent its subsequent collection. That, like various other duties enjoined by the statute, can only be regarded as directory to the officer; the neglect to give the notice would not discharge the tax, or present a valid obstacle to the collection thereof.''

Our conclusion that the cited sections of our statute are merely directory is strengthened, we think, by Section 4650, Revised Statutes 1919 (Chap. 28, Art. 9, of the Levee District Law), which provides that ''this article is hereby declared to be remedial in character and purpose, and shall be liberally construed by the courts in carrying out this legislative intent and purpose,'' and by Section 12969, Revised Statutes 1919, of the statute on taxation and revenue, which provides: ''. . . nor shall any failure of any officer or officers to perform the duties assigned him or them, on the day or within the time specified, work any invalidation of any such proceedings.''

We have given thoughtful consideration to the cases—Barber Asphalt Paving Co. v. Peck, 186 Mo. 506; Stifel v. McManus, 74 Mo. App. 558; Perkinson v. Schnaake, 108 Mo. App. 255; and St. Joseph ex rel. v. Forsee, 110 Mo. App. 237—cited by appellant in support of his contention. A careful and thoughtful reading of those decisions, however, discloses that the statute, or ordinance, construed in each of those cases specifically prescribed that the penalty is to run only from the date of demand. Here, as we have said, the statute does not prescribe that the date of delinquency of the levee tax, or annual installments thereof, shall begin at, or so many days after, the time of notice and demand, but, on the other hand, the statute specifically names the precise date of delinquency.

We are inclined to the view that the purpose, or intent, of the cited sections of the statutes is to assist and facilitate the prompt and orderly collection of the taxes, rather than to afford a benefit, convenience, or protection to the taxpayer. Hence, we think that the cited sections of the statutes are merely directory, and appellant's contention must be ruled against him.

II. Appellant contends that plaintiff failed to make out a case because the levee tax-book was not introduced in evidence by plaintiff. The statute (Sec. 4621, R. S. 1919) provides that ''the 'levee tax-book' of the district, as returned by the collector of **Supplemental** the revenue to the secretary of the board of supervis- **Abstract.** ors of the levee district shall be prima-facie evidence in all courts of all matters therein contained, . . . and the aforesaid 'levee tax-book' shall have the same probative effect as

the back tax bill has in actions for the enforcement of the State's lien for general taxes upon real estate." It is true that appellant's abstract of record does not show that plaintiff introduced the levee tax-book in evidence. However, plaintiff (respondent) has filed herein a supplemental abstract, wherein it is shown that plaintiff offered in evidence, on the trial, the original St. Francis Levee District tax-books for the years 1920 and 1921, respectively, and that the same were incorporated in the bill of exceptions filed in the cause. Appellant has not questioned the correctness of respondent's supplemental abstract, and therefore we will treat appellant's contention as abandoned.

III.    Appellant contends that the section of the statute (Sec. 4618, R. S. 1919) under which the penalties are imposed is unconstitutional because it contravenes Section 30 of Article 2 of the Constitution of

**Due Process:
Equal Protection.** Missouri, which provides "that no person shall be deprived of life, liberty or property without due process of law," and Section 1 of Article 14 of the Amendments to the Constitution of the United States, which provides that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property without due process of law." The section (4618) complained of is a part of the chapter, or law, pertaining to drains and levees, and reads as follows: "All taxes provided for in this article remaining unpaid after December 31st of the year for which said taxes were levied shall become delinquent and bear a penalty of two per cent per month on the amount of said taxes from date of delinquency until paid. In computing said penalty each fractional part of a month shall be counted as a full month."

In the early case of Eyerman v. Blaksley, 78 Mo. 145, it was contended that a section of the then charter of the city of St. Louis, providing that a special tax bill evidencing an assessment for local improvements "shall be and become a lien on the property charged therewith, and may be collected of the owner of the land, in the name of and by the contractor, as any other claim, in any court of competent jurisdiction, with interest at the rate of ten per cent per annum, after thirty days from demand of its payment; and if not paid within six months after such demand, then at the rate of fifteen per cent per annum from the date of said demand," was unconstitutional as being in conflict with Section 30, Article 2, of our State Constitution. Said this court in that case: "Nor is Section 25 of the charter in conflict with Section 30, Article 2, of the Constitution, which declares 'that no person shall be deprived of life, liberty or property without due process of law.' The substance of that provi-

sion has always been part of the organic law of this State, and city ordinances and acts of the General Assembly providing for assessments for improvements, similar to the ordinance in question, have been upheld by repeated decisions of this court. . . . The provision of the charter allowing the holder of the tax bill fifteen per cent per annum, if payment of the tax bill be not made within six months after payment is demanded and refused, is of the' nature of a penalty. It is not interest. Interest at ten per cent per annum had been previously provided for, and although the fifteen per cent allowed by the ordinance in a certain contingency, is denominated 'interest,' it is in reality a penalty to secure prompt payment, imposed for neglect of duty; and municipal corporations have the power to prescribe reasonable penalties for the neglect or refusal to discharge any duty imposed upon a citizen by a valid ordinance. [Town of Tipton v. Norman, 72 Mo. 380.]''

Appellant's theory is that the penalty provision of the levee district statute violates the ''due process of law'' sections of our Constitution and the Federal Constitution in that it arbitrarily inflicts or imposes a penalty upon the delinquent landowner and taxpayer regardless of the needs or requirements of the levee district and regardless of benefits to the lands therein, and without giving the landowner an opportunity to appear in court, or before the board of supervisors of the levee district, and show the unreasonableness of the penalty, and that therefore such penalty should not be enforced as a lien against his lands. In other words, appellant contends that the penalty section of the statute leaves nothing to the judgment of the officers of the levee district, or to the landowners of the district, but the Legislature, in enacting the penalty section, has arbitrarily determined that there must be collected a prescribed penalty on all delinquent levee taxes, or installments thereof. While it is true that the levee tax is in the nature of a special assessment for a local improvement, and in that sense is not strictly a tax or impost levied for revenue or governmental purposes only, nevertheless the imposition of the levee tax or assessment is referable to the taxing power and authority of the State, which power and authority primarily rests in the Legislature. [Ranney v. Cape Girardeau, 255 Mo. 514; Kansas City v. Bacon, 147 Mo. l. c. 282; Farrar v. St. Louis, 80 Mo. 379; City of St. Louis v. Ranken, 96 Mo. l. c. 500; Schwab v. City of St. Louis, 274 S. W. l. c. 1062.] Pursuant to the taxing power, the Legislature has enacted the levee district statute, providing for a comprehensive method for the determination of the cost of acquiring and condemning lands and constructing the levee works and improvements, the assessment of special benefits to lands in the district by reason thereof, and the levying of a tax or assessment, and annual installments thereof, to pay for the original cost and maintenance of such works

and improvements. As a part of such statute, the Legislature has properly, we think, provided for the imposition and collection of a penalty in the event that a landowner within the district should fail to pay the levee tax, or annual installments thereof, duly levied against his lands, when due and before the fixed date of delinquency thereof. The power to levy and assess taxes includes the power to adopt such measures as will make their collection prompt and effective. [37 Cyc. 1542.]

In 1 Page and Jones on Taxation by Local and Special Assessments, Section 473, the text-writers say: "As a means of compelling prompt payment of assessments the Legislature may provide that a penalty shall be added to the amount of the assessment in case of non-payment thereof," citing, in support of the text, Eyerman v. Blaksley, 78 Mo. 145, and City of St. Louis to use, v. Allen, 53 Mo. 44.

In Western Union Tel. Co. v. State, 44 N. E. 793, a statute of Indiana, providing that, if a telegraph, telephone, express, or other like corporation shall refuse to pay a tax levied against it, and an action therefor be brought by the State, the judgment shall include a penalty of fifty per cent of the amount of the tax, was attacked as being unconstitutional. Said the Supreme Court of Indiana: "Appellant makes particular complaint of the fifty per cent penalty provided for in suits under the statute. . . . No one need pay any penalty except through his own wrongful act. The government is in need of its revenues, and these revenues will be paid promptly by all good citizens. In case of failure to comply with such duty, such penalties will be imposed as will, in the judgment of the lawmaking power, best compel compliance with the law in each case, to the end that all the property owners of the State may bear their equal share of the public burden. Such penalties, as we have seen, are never imposed upon those that pay their taxes when due; the imposition of the penalty being an effort on the part of the lawmakers to compel good citizenship on the part of all taxpayers, that none may shirk the common duty."

The last-cited case went to the United States Supreme Court on writ of error (see Western Union Telegraph Co. v. Indiana, 165 U. S. 304), wherein Mr. Chief Justice FULLER, speaking for that court said: "Whether the fifty per cent penalty clause of the Act of 1893 contravenes the Constitution of the United States is the question presented on this writ. If it does not, the question whether that penalty was properly included in the judgment rendered against the telegraph company was for the determination of the state courts. . . . The amount of the penalty was a matter for the Legislature to determine in its discretion, and the Supreme Court refers to the imposition of penalties in other instances under the statutes of Indiana, varying according to particular subjects of taxation, apparently

calculated to operate with quite as much harshness. . . . We are unable to discover any ground for holding that the Federal Constitution was violated by this law, and agree in the view which the Supreme Court of the State expressed in the premises.''

In 12 Corpus Juris 1264, the text-writer, in discussing the applicability of the constitutional guaranty of due process of law, says: ''For the purpose of enforcing the payment of assessments it is competent for the Legislature to provide that they shall constitute liens on the lands on which they are levied. Furthermore, it may be provided that if the assessments are not paid at maturity an additional penalty shall accrue, and that the lands may be sold and the assessments paid from the proceeds.''

In Railway Co. v. Schmuck, 181 Ind. 323, 103 N. E. 325, it is held that a statute providing for an attorney's fee in an action to enforce the payment of a sewer assessment is not unconstitutional, within the purview of the Fourteenth Amendment to the Federal Constitution and a similar section of the Indiana Constitution, as depriving the land owner of his property without due process of law; and, in Shultz v. Ritterbusch, 38 Okla. 478, 134 Pac. 961, it is held that a statute providing for a penalty of eighteen per cent per annum for non-payment of assessments for street improvements when due is constitutional.

We are of the opinion that the levee-district statute, in prescribing and imposing a penalty for delinquency in payment of levee taxes, or annual installments thereof, does not deprive the landowner and taxpayer of property without due process of law, and hence does not contravene either Section 30 of Article 2 of our State Constitution or Article 14 of the Amendments to the Federal Constitution.

Appellant claims that the prescribed penalty of two per cent per month after the date of delinquency of the levee tax, or any annual installment thereof, is unreasonable, unjust and confiscatory, and

**Excessive Fine.** is violative of Section 25 of Article 2 of the Constitution of this State, which provides that ''excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.'' It is claimed that the term ''penalty,'' as used in the statute, is synonymous with the term ''fine,'' as used in the aforesaid section of our Constitution. Ordinarily, the aforesaid section of the Constitution is applicable to criminal prosecutions, or *quasi*-criminal proceedings, and the word ''fines'' as used therein is referable to the punishment inflicted upon the law violator in such prosecutions or proceedings. Appellant, however, has directed our attention to certain authorities of other jurisdictions which seemingly hold that the term ''fines'' as used in a similar section of the Constitutions of those states applies to penalties imposed by statute for non-payment of taxes when due. Assuming, therefore,

without deciding, that the cited section of our State Constitution is applicable to the levee statute here in question, we do not deem the penalty prescribed therein to be "excessive" within the spirit or letter of the Constitution.

In 25 Corpus Juris, 1180, it is said: "The amount of a penalty to be inflicted rests in the sound discretion of the Legislature, and it is only when the minimum prescribed by statute is flagrantly oppressive and disproportionate to the offense for which it is imposed that the courts will interfere and refuse to enforce the enactment."

So, in 37 Cyc. 1542, it is said: "The power to levy and assess taxes includes the power to adopt such measures as will make their collection prompt and effective, always having a regard to the requirement of due process of law, and this includes the authority to impose penalties for delay or refusal to pay taxes justly due and for concealing taxable property or otherwise seeking to obstruct or defeat the operation of the revenue laws, the amount of such penalties being in the discretion of the Legislature, within reasonable limitations."

We are unwilling to say that the Legislature, in prescribing a penalty of two per cent per month after delinquency of the annual installments of levee taxes in controversy, has abused its discretion, or to say that the penalty prescribed is disproportionate, flagrantly oppressive, unreasonable, or confiscatory.

Appellant claims that said section of the statute contravenes Section 53, Article 4, of the Constitution of this State, which provides, in subdivision 20 of said section, that "the General Assembly shall not pass any local or special law: . . . fixing the rate of interest." However, it is clear to our minds that the section of the statute in question does not attempt to fix a rate of interest, but prescribes and imposes, purely and solely, a penalty. In Seaboard National Bank v. Woesten, 176 Mo. 49, this court, en banc, held that a section of the St. Louis charter allowing a recovery of fifteen per cent interest per annum, if a taxbill evidencing a local assessment is not paid within six months after demand, does not contravene Section 53, Article 4, of our Constitution. We then said: "Having thus reached the conclusion that the fifteen per cent is a penalty and not interest, the constitutional contentions drop out of the case, for they depend upon the existence of the first postulate that it is interest. If it is not interest, but a penalty, the prohibition of Section 53 of Article 4 of the Constitution against the power of the General Assembly to pass any local or special law 'fixing the rate of interest' has no application. And the same is true as to the prohibition against the passage of a local or special law, where a general law could be made applicable. . . . The same power that gives the State a right to impose a penalty of one per cent a month for failure to pay general taxes, gives the city of St. Louis the right under its

**Special Law.**

charter to impose a penalty of one and a quarter per cent a month for failure to pay a special assessment of benefits. As, therefore, the imposition is a penalty and not interest, the foundation upon which the constitutional questions rested is wiped out . . .''

So, in Shultz v. Ritterbusch, 38 Okla. l. c. 494, that court said: ''On rehearing, the contention is made . . . 'that, in so far as this statute authorizes, or purports to authorize, the collection of a greater rate of interest than the bond on its face bears, that is, the seven per cent on each assessment from date until maturity, and eighteen per cent from maturity until paid,' the same is contrary to the Constitution, art. 5, sec. 46r, which reads: 'The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law . . . fixing the rate of interest.' Not so. As between the bondholder and the property owner these assessments are not founded on contract, but are a species of taxation, and hence cannot be said to be a debt. Neither is this eighteen per cent interest, as such, but a penalty prescribed for failure to discharge a duty imposed by law. And, it may be added, the same power which gives the State the right to impose a penalty for the non-payment of general taxes gives the right to impose this eighteen per cent as a penalty for the non-payment of these assessments when due. . . . It follows that, not being interest, the imposition of the eighteen per cent penalty is not in conflict with Constitution, art. 14, secs. 2 and 3, fixing the rate of interest, but is valid and enforceable.''

Lastly, appellant contends that the statute, or legislative act, under which the penalty is imposed, violates Section 28, Article 4, of our State Constitution, wherein it is provided that ''no bill (except certain excluded bills) shall contain more than one subject, which shall be clearly expressed in its title.'' It is urged that the bill or statute here in question contains more than one subject and that the subject-matter of the bill is not clearly expressed in its title; that no mention is made in the title of said bill as to penalties, fines, or interest for non-payment of levee taxes. The section (Sec. 4618, R. S. 1919) of the statute prescribing the penalty is a part of a bill enacted by the Legislature at the regular session of 1913 (Laws 1913, p. 290 et seq.), the title of which bills reads: ''An Act to repeal article 9 (entitled 'Organization of levee districts by circuit courts') of chapter 41 (entitled 'Drains and levees') of the Revised Statutes of Missouri of 1909, and to repeal an act amending and adding to said article 9, enacted in 1911 and found on pages 231 and 239, inclusive, of the Laws of Missouri of 1911, and all sections therein by whatever designation, and to enact a new act in lieu thereof, to be known as article 9 (pertaining to the organization of levee districts by circuit courts) of said chapter 41, with an emergency clause.''

**Title.**

In State v. Mullinix, 301 Mo. 385, an act, the title of which was equally as general as that of the act now under review, was ruled not to be violative of the constitutional requirement above cited. In that case, we said: "The generality of a title will not affect its validity where it does not tend to cover up or obscure legislation which is in itself incongruous. A requisite to congruity is that the amendatory act shall pertain to and admit of being made a consistent part of the law to be amended. The disposition of the courts has always been to avoid thwarting the efficiency or evident salutary effect of legislative action by a liberal interpretation of the constitutional provision. [Burge v. Railroad, 244 Mo. 76; Booth v. Scott, 205 S. W. (Mo.) 633.] With this end in view it has frequently been held that a numerical reference, as in the case at bar, to the section sought to be amended without a statement of the subject-matter of the amendatory act, is a sufficient title to an act which deals exclusively with the subject of the section to be amended. The following cases are illustrative of this ruling: State ex rel. v. County Court, 128 Mo. 440; State ex rel. v. Heege, 135 Mo. 112; State ex inf. Hadley v. Herring, 208 Mo. l. c. 722; State v. Murray, 237 Mo. l. c. 166; State ex rel. v. Imel, 242 Mo. l. c. 303; State v. Helton, 255 Mo. l. c. 180; Ex parte Hutchens, 246 S. W. (Mo.) l. c. 188; Asel v. Jefferson City, 287 Mo. l. c. 204; McCue v. Peery, 293 Mo. l. c. 234."

In State ex rel. v. Roach, 258 Mo. l. c. 558, we said, en Banc: "If we are not to offend by muddy prolixity, it would seem that when the general purpose of an act is clearly set forth in its title, then all ancillary matters, germane to and not inconsistent with the general purpose and which are necessary, or necessary details, in order to carry out and give life and effect to such purpose, and without which its purpose would fail, are to be read by necessary implication into the title of the act."

In Ferguson v. Gentry, 206 Mo. l. c. 198, we said: "We do not underrate the importance of this clause of our Constitution; its purpose is unmistakable and its tone is mandatory, but it must not be given a construction which would hamper the Legislature in a faithful and intelligent effort to embrace in one act a subject containing different features but all pertaining to the same legislative purpose. [State v. Doerring, 194 Mo. 410.]"

The title of the act in question clearly indicates that the general purpose of the act is to repeal Article 9 of Chapter 41 of the Revised Statutes of 1909, pertaining to the organization of levee districts by circuit courts, and an act of 1911 amendatory of said article, and to enact a new act in lieu thereof, to be known as Article 9 of said Chapter 41. The subject of the act, in our opinion, is single, and, while the title is general in expressing the purpose of the act, it cannot be said to be misleading, and it would appear, from a reading of the

act in its entirety, that the section imposing a penalty for non-payment of levee taxes when due is ancillary, germane to, and not inconsistent with, the single subject and general purpose of the act, which is to provide a comprehensive law respecting the organization, support and maintenance of levee districts organized by circuit courts.

We do not find that Section 4618, Revised Statutes 1919, imposing a penalty of two per cent per month on the amount of levee taxes, or annual installments thereof, from date of delinquency until paid, contravenes the cited sections of our State Constitution or the cited section of the Federal Constitution, and the assignment of error must be ruled against appellant.

IV.   Objections are made as to the form and content of the judgment as entered in the circuit court.   It is said by appellant that the judgment recites upon its face that it was entered by default, thereby ignoring the several defenses set up by appellant in his answer filed.   While the judgment does recite that "it is ordered by the court that the petition of plaintiff against defendant be taken as confessed," yet the judgment further recites the appearance of the parties, that the cause was taken up and submitted to the court for trial, and that the court heard the testimony therein. It is evident that the trial court did not enter judgment against defendant by default, and the above-quoted clause of the judgment will be treated by us as mere surplusage.

**Judgment.**

The judgment taxes against defendant, as costs in the case, a commission for the county collector of four per cent on the aggregate amount of the judgment.   Appellant insists that there is no authority in law therefor.   In ruling this contention we must advert to the statute applicable to levee districts organized by circuit courts, under which plaintiff brings this action.

**Collector's Commission.**

Section 4619, Revised Statutes 1919, provides: "The said collector shall *retain* for his services one per centum of the amount he collects on current taxes and two per centum of the amount he collects on delinquent taxes."

Section 4620 provides: "All levee taxes provided for in this article, together with all penalties for default in payment of the same, all costs in collecting the same, including a reasonable attorney's fee, to be fixed by the court and taxed as costs in the action brought to enforce payment, shall, from date of filing the certificate hereinafter described in the office of the recorder of deeds for the county wherein the lands and properties are situate, until paid, constitute a lien, to which only the lien of the State for general state, county, school and

road taxes shall be paramount, upon all the lands and other property against which such taxes shall be levied as is provided in this article.''

Section 4621 provides: ''In all suits for the collection of delinquent taxes, the judgment for said delinquent taxes *and penalty* shall also include all costs of suit and a reasonable attorney's fee to be fixed by the court, recoverable the same as the delinquent tax and in the same suit.''

As we read the statute, there is no authority given therein for the taxing of the collector's commission as costs in the case. Section 4619 allows the collector to *retain* for his services ''two per centum of the amount he collects on delinquent taxes.''  Section 4617 of the statute makes it the duty of the collector of revenue of each county in which lands of any levee district organized under the statute are situate to receive the levee tax-book each year and to collect the tax therein set out, and said collector is required to ''make due return of all levee tax-books each year to the secretary of the board of supervisors of the aforesaid levee district, and shall pay over and account for all moneys collected thereon each year to the treasurer of said district at the same time when he pays over state and county taxes.'' It is further provided that ''said collector shall proceed to collect such delinquent levee taxes and demand payment therefor in the same manner as herein provided for the collection of current levee taxes.'' Section 4619 provides for a penalty of ten per cent on the amount of his delinquency for failure of the collector to pay over to the treasurer of the levee district the tax, or any part thereof, collected by him, for which the collector's bondsmen shall be liable upon his official bond. Obviously, in view of the language of Section 4619 that the collector shall *retain* for his services ''two per centum of the amount he collects on delinquent taxes,'' taken in connection with the language of the other sections of the statute above-quoted, it was the intention and purpose of the Legislature that the levee district, rather than the landowner and taxpayer, shall compensate the collector for his services in collecting the tax and penalties thereon.  The judgment is therefore erroneous in taxing the defendant with the collector's commission.

Appellant also complains because the judgment taxes, as costs, against him an attorney's fee.  At one place the judgment reads ''attorney's fees, $20,'' but in the controlling paragraph or por-

**Attorney's Fee.**
tion of the judgment it is ''ordered, adjudged and decreed  .  .  .  that there be levied and collected as other costs in this case  .  .  .  for Ward, Reeves & Oliver, plaintiff's attorneys, an attorney's fee of ten per cent of the judgment herein collected.''  An attorney's fee of ten per cent of the amount of the judgment would approximate the sum of ten or eleven dollars. The statute (Section 4620) provides that ''all levee taxes  .  .  .

*together with all penalties for default in payment of the same,* all costs in collecting the same, *including a reasonable attorney's fee,* to *be fixed by the court and taxed as costs in the action brought to enforce payment"* shall constitute a lien upon the lands upon which such taxes shall be levied, and, furthermore (Sec. 4621), "in all suits for the collection of delinquent taxes, the judgment for said delinquent taxes *and penalty* shall also include all costs of suit and *a reasonable attorney's fee to be fixed by the court."* We think the statute clearly authorizes the taxing, as costs in the action, of a reasonable attorney's fee to be fixed by the trial court. We regard an attorney's fee of ten per cent of the amount of the judgment herein as reasonable, and will not interfere with the judicial discretion of the trial court in fixing the attorney's fee in that amount.

The judgment, as entered below, is made to draw ten per cent interest from the date of its rendition, and appellant claims the judgment is erroneous in that respect. It is said that penalties, as a general rule, do not bear interest, and there are some judicial authorities to that effect. However, the statute under review provides for the entry of a *judgment* for the *amount* of the delinquent levee taxes *and penalty.* In other words, the statute contemplates a *money* judgment. Our statute regulating interest on all money judgments (Sec. 6493, R. S. 1919) provides: "Interest shall be allowed on *all money* due upon *any judgment or order of any court,* from the day of rendering the same until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than six per cent interest shall bear the same interest borne by such contracts, and *all other judgments and orders for money shall bear six per cent per annum until satisfaction made,* as aforesaid." The aforesaid statute has been held to be applicable to money judgments for recovery of penalties, but it is also held that such judgments should only bear six per cent interest. [City of St. Louis to use v. Allen, 53 Mo. 44; City of St. Joseph ex rel. v. Forsee, 110 Mo. App. 237; Paving Co. v. Realty Co., 168 Mo. App. 468.] The judgment is erroneous in that it purports to bear ten, instead of six, per cent interest per annum from the date of its rendition.

Finally, it is urged that it is adjudged and ordered that the aggregate amount of the judgment, together with the taxable costs, be a special lien and judgment against each and every of the twenty separate and distinct tracts of land described therein. We think that the judgment is erroneous in that respect. [City of St. Louis to use v. Allen, 53 Mo. 44.] The statute (Sec. 4620) declares the levee tax, together with all penalties for default in payment of the same, and all costs in collecting the same, including a reasonable attorney's fee, to constitute a lien upon the lands "against which such taxes shall be

levied." Clearly, the tax, with penalties for non-payment when due, is levied upon each single tract of land separately, and the lien thereof extends no farther than upon the particular and identical single tract of land against which the tax is levied. The judgment rendered for the amount of the tax, or penalty thereon, levied against each separate tract, should constitute a special lien against each such separate tract only to the extent of the amount due from each such separate tract, together with interest at six per cent per annum on the amount found to be due from each such separate tract. Each separate and distinct tract should bear one-twentieth of the amount of the taxable costs of the action, including the reasonable attorney's fee fixed by the court, and one-twentieth of the amount of such taxable costs should constitute a lien upon each of the separate tracts of land described in the judgment.

The judgment of the circuit court is therefore reversed, and the cause is remanded with directions to said circuit court to enter a new judgment herein (as of the date of the entry of the original judgment) consistent with our rulings as stated in this opinion. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur, except *Graves, J.,* absent.